TOWN OF DARIEN v. HAIK KAVOOKJIAN ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued February 4—decided June 3, 1964

*Abraham D. Slavitt* and *Robert A. Slavitt,* for the appellants (defendants).

*Warren W. Eginton,* with whom were *Edward R. McPherson, Jr.,* and, on the brief, *John F. Spindler,* for the appellee (plaintiff).

SHEA, J. The plaintiff brought a petition to the Superior Court for the appointment of a committee of three disinterested persons to assess just damages for the taking of land of the defendants for school purposes. In the petition, the plaintiff alleged that it had voted to acquire the defendants' land as a site for a school, that the land was necessary for that purpose, that the selectmen were authorized to take the necessary action to purchase the property or, if they were unable to agree with the owners thereof, to condemn it. The petition further alleged that the parties had been unable to agree on the purchase price of the land. The answer of the defendants put in issue all of these material allegations. The court referred the petition to a state referee, whose report, as amended, was accepted by the court, and judgment was rendered appointing a committee of three to assess damages. In the meantime, the court had granted the plaintiff's motion for permission to enter immediately upon the land under § 48-16 of the Gen-

eral Statutes. The defendants have appealed from the judgment and the order permitting the plaintiff to enter into immediate possession.

The defendants, Haik and Alice Kavookjian, own the property as tenants in common. Their principal claim is that the plaintiff was required to exhaust all reasonable efforts to obtain the land by agreement, that such efforts were a condition precedent to the right to take the land, and that the plaintiff failed to negotiate with Alice for the acquisition of her rights in the property. Haik concedes that there is nothing to prohibit the plaintiff from proceeding to condemn his interest in the property. Section 48-12 of the General Statutes authorizes the condemnation of land "if those desiring to take such property cannot agree with the owner upon the amount to be paid him for any property thus taken." Thus, inability to agree with the owner of property sought to be condemned is a condition precedent to condemnation under the statute. *West Hartford* v. *Talcott,* 138 Conn. 82, 89, 82 A.2d 351. Inability to agree may be shown by any testimony evincive of the fact. *Williams* v. *Hartford & N.H.R. Co.,* 13 Conn. 397, 410. The condemnor must exhaust all reasonable efforts to obtain the land by agreement. *West Hartford* v. *Talcott,* supra. But the law does not require the performance of a useless and futile act. 6 Nichols, Eminent Domain (3d Ed.) § 24.62[1], p. 58; see *Trinity College* v. *Hartford,* 32 Conn. 452, 481; *West Hartford* v. *Talcott,* supra. In seeking to prevent condemnation, the owner of property demonstrates his inability to agree within the meaning of the statute. *Trinity College* v. *Hartford,* supra; 6 Nichols, op. cit. § 24.622.

In 1959, Haik had informed the plaintiff that the

land was not available for purchase by the town and that he intended to litigate fully any attempt to acquire his land by condemnation. In 1960, both defendants joined with others in seeking an injunction to restrain the plaintiff from acquiring their land as a school site. See *Baker* v. *Kerrigan*, 149 Conn. 596, 183 A.2d 268. Prior to the present action, Haik reiterated to a town selectman his views on the acquisition of the land. These facts indicate an absolute opposition to acquisition of the property which is tantamount to a refusal to negotiate or sell at any price, and show that the statutory requirement of inability to agree has been met. General Statutes § 48-12; *Trinity College* v. *Hartford,* supra. It is true that no conversations were held with Alice, but this is not controlling because she demonstrated her opposition by joining in the injunction proceeding. Moreover, where an offer to one joint owner as to his undivided interest in the property fails, there is no necessity for further negotiation with the other owner. *Commonwealth* v. *Cardinal Hill Nursery, Inc.,* 343 S.W.2d 842, 844 (Ky.); *Aronoff* v. *Dallas,* 316 S.W.2d 302, 307 (Tex. Civ. App.); 6 Nichols, op. cit. § 24.621[1].

The defendants have also appealed from the order granting to the plaintiff the right of immediate possession. Section 48-16 of the General Statutes provides that the court may, when satisfied that the public interest will be prejudiced by delay, direct that the petitioner be permitted to enter immediately upon the property to be taken and devote it temporarily to the public use specified in the petition, upon deposit with the court of a sum fixed by it. The possession contemplated under the statute is temporary and covers only the period during which the condemnation proceedings are pending.

*Trumbull* v. *Ehrsam,* 148 Conn. 47, 52, 166 A.2d 844. The legality of the order granting immediate possession can be successfully challenged only by showing that the trial court could not be satisfied, under the circumstances, that the public interest would be prejudiced by delay. The finding, which is not subject to correction, clearly supports the action of the court.

There is no error.

In this opinion the other judges concurred.