MICHAEL HALLORAN ET AL. *v.*
TOWN OF NORTH CANAAN
(11695)

DALY, LANDAU and SCHALLER, Js.

Argued June 9—decision released August 24, 1993

*H. James Stedronsky,* for the appellants (plaintiffs).

*Judith Dixon,* for the appellee (defendant).

LANDAU, J. The plaintiffs, Michael Halloran and George Jones, appeal from the judgment of the trial court denying their request for a declaratory judgment. On appeal, the plaintiffs claim that the trial court improperly concluded that (1) the town voted to purchase and negotiated a price to purchase the property prior to initiating condemnation proceedings, (2) the taking was not void because the town had voted to purchase and to negotiate a price for the property, and (3) the town had authorized the town attorney to negotiate the price of the easement. We affirm the judgment of the trial court.

The trial court found the following facts. The plaintiffs own property in the town of North Canaan on which they built two residential buildings. The plaintiffs planned to build two more residential buildings when 70 percent of the units in the first two buildings was sold. In September, 1989, the department of environmental protection (DEP) ordered the defendant town of North Canaan to construct facilities to provide a sewer connection from Patty Lane to the Canaan fire district sewage system. The town hired an engineer to prepare engineering plans for the sewer connection. The plans called for an easement across the plaintiffs' property for a gravity feed sewer line. The DEP and the North Canaan inland wetlands commission approved these plans. On February 9, 1989, at a special town meeting, a resolution was passed authorizing the first selectman to secure funds for the sewer project and to expend appropriations to complete the project.

After the DEP approved the project, North Canaan town attorney Catherine Roraback was instructed to

obtain the necessary easements from the plaintiffs. She sent a letter to Jones, which he forwarded to his attorney, Herbert Isaacson, who was acting on the plaintiffs' behalf. Jones told Isaacson that he did not agree with the location of the easement, he was concerned about the effect that this easement would have on the plaintiffs' plans to construct the two additional buildings on the property, and he wanted reimbursement from the town for "additional expenses." Isaacson contacted Roraback and conveyed the plaintiffs' concerns. Specifically, he told Roraback that the plaintiffs wanted to change the location of the easement and $5000, and they wanted an assurance from the town that the easement would not affect the plaintiffs' future construction plans. Roraback told Isaacson that a change in location was not possible and she would need documentation to support the demand for $5000. Isaacson did not supply the documentation to justify the $5000 demand. Roraback, however, informed Isaacson that if the plaintiffs would accept $2500, she would obtain authority from the first selectman to offer that amount. In May and June of 1989, Roraback told Isaacson that if the plaintiffs accepted the $2500, the town would not initiate condemnation proceedings. Isaacson never indicated to Roraback whether the plaintiffs would accept that offer.

At a special town meeting on June 21, 1989, the electors and citizens of North Canaan authorized the selectmen "to institute such proceedings (including condemnation) as may be necessary against Michael Halloran and George W. Jones . . . required for the purpose of acquiring temporary and permanent easements . . . for the installation [and] maintenance of a sewer line to service houses on Patty Lane . . . ." Condemnation proceedings were commenced resulting in the taking of the plaintiffs' property. This appeal ensued.

The plaintiffs first claim that the trial court improperly concluded that the town voted to purchase the property prior to initiating condemnation proceedings. We disagree.

Where the legal conclusions of the trial court are challenged on appeal, those conclusions are subject only to the test of abuse of discretion. *State* v. *Arbour*, 29 Conn. App. 744, 747, 618 A.2d 60 (1992). "Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . The salient inquiry is whether the court could have reasonably concluded as it did. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds." (Citations omitted; internal quotation marks omitted.) Id., 748. "In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." *E. M. Loew's Enterprises, Inc.* v. *Surabian*, 146 Conn. 608, 612, 153 A.2d 463 (1959). Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. *Timm* v. *Timm*, 195 Conn. 202, 210, 487 A.2d 191 (1985).

General Statutes § 48-6 (a), which governs municipal condemnation proceedings, provides that "[a]ny municipal corporation having the right to purchase real property for its municipal purposes which has, in accordance with its charter or the general statutes, voted to purchase the same shall have power to take or acquire such real property, within the corporate limits of such municipal corporation, and if such municipal corporation cannot agree with any owner upon the amount to be paid for any real property thus taken,

it shall proceed in the manner provided by section 48-12 within six months after such vote or such vote shall be void." "Section 48-12 of the General Statutes authorizes the condemnation of land if those desiring to take such property cannot agree with the owner upon the amount to be paid him for any property thus taken. Thus, inability to agree with the owner of property sought to be condemned is a condition precedent to condemnation under the statute. *West Hartford* v. *Talcott,* 138 Conn. 82, 89, 82 A.2d 351 [1951]. Inability to agree may be shown by any testimony evincive of the fact. *Williams* v. *Hartford & N.H.R. Co.,* 13 Conn. 397, 409 [1840]. The condemnor must exhaust all reasonable efforts to obtain the land by agreement. *West Hartford* v. *Talcott,* supra. But the law does not require the performance of a useless and futile act. 6 Nichols, Eminent Domain (3d Ed.) § 24.62[1], p. 58; see *Trinity College* v. *Hartford,* 32 Conn. 452, 481 [1865]; *West Hartford* v. *Talcott,* supra. In seeking to prevent condemnation, the owner of property demonstrates his inability to agree within the meaning of the statute. *Trinity College* v. *Hartford,* supra; 6 Nichols, op. cit. § 24.622." *Darien* v. *Kavookjian,* 151 Conn. 659, 661, 202 A.2d 147, cert. denied, 379 U.S. 840, 85 S. Ct. 77, 13 L. Ed. 2d 46 (1964).

The trial court concluded that the resolution passed at the June 21, 1989 special town meeting "directed and authorized the board of selectmen to institute such proceedings as may be necessary to acquire easements across plaintiffs' property" and "clearly encompasse[d]" both purchase, if possible, and condemnation, if necessary. Therefore, the trial court concluded that the town did, in fact, vote to purchase the property. Our review of the record indicates that Roraback had discussions with members of the board of selectmen, prior to the vote, regarding negotiations with the plaintiffs. Further, she had been given the authority to offer

the plaintiffs $2500 for the easement. Applying the appropriate standard of review, we conclude that the trial court did not abuse its discretion in determining, on the basis of the evidence before it, that the town's resolution authorizing "such proceedings as may be necessary to acquire easements across plaintiffs' property" was a vote to purchase the property and, if that was not possible, to institute condemnation proceedings.[1]

The plaintiffs next claim that the trial court improperly concluded that the town had authorized the town attorney to negotiate the price of the easement. We disagree.

The trial court concluded, and the record supports, that Roraback was given the authority to offer the plaintiffs $2500 for the easement. Again, our review of the record indicates that Roraback had discussions with members of the board of selectmen, prior to the vote, regarding negotiations with the plaintiffs. She had been instructed by the selectmen to contact the plaintiffs in order to obtain the necessary easements. She had numerous discussions with the plaintiffs' attorney in an attempt to obtain these easements. Further, the record clearly indicates that Roraback had been given the authority to offer the plaintiffs $2500 for the easement. Thus, there is evidence to support the trial court's conclusion that Roraback had, in fact, been authorized to negotiate with the plaintiffs in order to obtain the easements. Applying the same abuse of discretion standard, we conclude that the trial court did not abuse its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] This claim is also dispositive of the plaintiffs' second claim. Therefore, we do not address that claim.