KATHERINE MALUSZEWSKI *v.* ALLSTATE INSURANCE COMPANY
(12024)

LANDAU, FREEDMAN and SCHALLER, Js.

Argued December 1, 1993—decision released April 5, 1994

*Raymond T. DeMeo,* with whom was *Stephen E. Gold-man,* for the appellant-appellee (defendant).

*William J. Sweeney, Jr.,* for the appellee-appellant (plaintiff).

SCHALLER, J. The defendant, Allstate Insurance Company, appeals from the judgment of the trial court confirming an arbitration award in the amount of $130,000 in favor of the plaintiff, Katherine Maluszewski. The defendant claims that the trial court improperly confirmed the award by failing to apply (1) a de novo standard of review to matters of law, (2) a consent to settle provision, and (3) an offset for uninsured-underinsured motorist coverage from

another insurer. The plaintiff filed a cross appeal from the court's denial of her motion for supplemental judgment, claiming that the trial court improperly denied her request for interest from the date of the arbitration award. We affirm the judgment of the trial court.

The following facts are relevant to the appeal and cross appeal. On June 16, 1989, the plaintiff was a passenger on a motorcycle driven by Carmen Gianni. A collision occurred between Gianni's motorcycle and a motorcycle driven and owned by Julian Albrecht. The plaintiff was injured in the accident and sought to recover various insurance moneys.

At the time of the accident, the plaintiff's parents had an insurance policy issued by the defendant that had uninsured-underinsured limits of $50,000 for each of three vehicles; the total available coverage was $150,000. Although the plaintiff was not the policyholder, she was an insured under the policy issued to her parents. Gianni's policy with Progressive Casualty Insurance Company (Progressive) provided him with liability and uninsured motorist coverage limited to a total of $250,000. Albrecht had no liability insurance coverage.

The plaintiff sought to recover under Gianni's policy with Progressive. Progressive, Gianni and the plaintiff settled the claim, whereby the plaintiff collected $20,000 from Gianni's liability coverage and $230,000 from Gianni's uninsured-underinsured motorist coverage. The plaintiff, however, neither requested nor received the defendant's written consent before entering into the settlement with Gianni and Progressive.

The plaintiff also sought to recoup uninsured-underinsured motorist coverage from the defendant. On the eve of trial, the plaintiff and the defendant entered into an "Arbitration Agreement" that provided the following: "Claimant Katherine Maluszewski and

Respondent Allstate Insurance Company hereby agree to submit to arbitration the issues of uninsured/underinsured motorist coverage and claimant's right to receive any damages, or the amount of damages.

"The parties agree that the Allstate Insurance Policy AU106-1 and endorsement AU1697-2 are hereby modified by this Agreement to include this arbitration clause pursuant to and in accordance with Connecticut General Statutes § 38a-336.

"The parties, in agreeing to submit this matter to arbitration pursuant to Connecticut General Statutes § 38a-336 specifically reserve their rights to proceed under Connecticut General Statutes § 52-408 through § 52-424. The parties also reserve their right to court review of any award pursuant to *American Universal Insurance Company* v. *DelGreco,* 205 Conn. 178 [530 A.2d 171] (1987)."

A panel of three arbitrators heard the case, and, by a two-to-one decision, issued the following award: "The arbitrators award the Claimant the sum of $130,000.00 against Allstate in full and final resolution of all the claims submitted to them." The $130,000 represented the $150,000 available under the plaintiff's parents' policy minus the $20,000 from Gianni's liability coverage paid by Progressive. The arbitrators found that Albrecht was 100 percent responsible for the accident, and that the plaintiff's damages totaled $875,000 *"net* of all collateral source payments." (Emphasis added.) At the arbitration proceeding, the defendant attempted to raise the defense that the plaintiff, by failing to obtain the defendant's written consent to enter a settlement agreement with Gianni and Progressive, had breached a provision of the defendant's policy. The arbitrators concluded, however, that the defendant had waived this defense because it was not raised in a timely manner.

The plaintiff applied to the Superior Court to confirm the arbitrators' award pursuant to General Statutes § 52-417.[1] The defendant filed an application seeking that the court vacate, modify, or correct the arbitrators' award pursuant to General Statutes § 52-418.[2] The trial court determined that the parties had voluntarily submitted the issues of coverage and damage to the arbitrators, and, as a result, the court's review was limited to the question of whether the award conformed to the submission. The court held that the award did conform to the submission, and rendered judgment confirming the award. The defendant now claims that the trial court improperly confirmed the award because the arbitrators' determination that coverage was available under the defendant's policy was incorrect.[3]

I

## THE DEFENDANT'S APPEAL

### A

We must first determine the standard of review that the trial court was required to apply in reviewing the

[1] General Statutes § 52-417 provides in pertinent part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[2] General Statutes § 52-418 provides in pertinent part: "(a) Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[3] We note that the defendant does not dispute the arbitrators' determination that the plaintiff suffered damages or the amount of those damages, but rather contends that the arbitrators improperly determined the amount of coverage, if any, that was authorized for those damages.

decision of the arbitrators. This inquiry hinges on whether the arbitration was voluntary or compulsory, and, if voluntary, whether the submission was restricted or unrestricted.

If the parties engaged in voluntary arbitration, the trial court's standard of review, provided that the submission was unrestricted, would be limited to whether the award conformed to the submission. *Bridgeport* v. *Connecticut Police Dept. Employees Local 1159*, 32 Conn. App. 289, 292–94, 628 A.2d 1336, cert. denied, 227 Conn. 925, 632 A.2d 703 (1993). If the parties engaged in voluntary, but restricted, arbitration, the trial court's standard of review would be broader depending on the specific restriction. For example, a typical restriction is that the arbitrators' award must conform to the law. "Had the parties restricted the authority of the arbitrators by including in their arbitration agreement a proviso that the arbitrators' award must not be contrary to law, the court would have been bound to enforce the restriction. See *Board of Trustees* v. *Federation of Technical College Teachers*, [179 Conn. 184, 187, 425 A.2d 1247 (1979)]; *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union*, [139 Conn. 591, 594–96, 96 A.2d 209 (1953)]." *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 490, 610 A.2d 1212 (1992).

If the parties engaged in compulsory arbitration, "[u]pon judicial review of compulsory arbitration proceedings pursuant to § 38a-336 (c),[4] 'the reviewing court

---

[4] General Statutes § 38a-336 (c) provides: "Each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. With respect to any claim submitted to arbitration on or after October 1, 1983, the arbitration proceeding shall be conducted by a single arbitrator if the amount in demand is forty thousand dollars or less or by a panel of three arbitrators if the amount in demand is more than forty thousand dollars."

must conduct a de novo review of the interpretation and application of the law by the arbitrators.' *American Universal Ins. Co.* v. *DelGreco,* [supra, 205 Conn. 191]." *Stephan* v. *Pennsylvania General Ins. Co.,* 224 Conn. 758, 763, 621 A.2d 258 (1993).

The defendant presents two arguments. In its brief and at oral argument, the defendant contended that the arbitration agreement modified the insurance policy to provide for *compulsory* arbitration. At oral argument, however, the defendant conceded that the parties had *voluntarily* entered into the arbitration agreement, and suggested that the agreement contained restrictions mandating that the trial court treat the arbitration as compulsory and exercise de novo review of the arbitrators' conclusions of law. We disagree with both contentions and conclude that the parties submitted their claims to voluntary, unrestricted arbitration.

As set forth above, the arbitration agreement contains three paragraphs. The first paragraph contains the submission, whereby the plaintiff and the defendant framed the issues for arbitration as those of coverage and damages, if any, without explicitly restricting the power of the arbitrator or expanding the review of the award by the court. As such, the first paragraph provides for voluntary, unrestricted arbitration. The defendant argues, however, that the second and third paragraphs either incorporate compulsory arbitration into the policy or restrict the voluntary submission by providing for de novo review of the arbitrators' conclusions of law. Paragraph two provides that the parties "modified" the insurance policy to incorporate "this arbitration clause pursuant to and in accordance with Connecticut General Statutes § 38a-336 . . . ." Paragraph three states that the parties "submit this matter to arbitration pursuant to . . . § 38a-336 . . . ."

We first address the defendant's argument that the parties modified the insurance policy to provide for compulsory arbitration. We note at the outset that the plaintiff was not a party to the original policy, but rather an insured who benefited under the policy. "The relations of the parties to an insurance policy are contractual and when the proceeds of the policy are made payable to a third person, it is properly characterized as a third party beneficiary contract. 1 Williston, Contracts, §§ 357, 369." *Shaw* v. *John Hancock Mutual Life Ins. Co.,* 120 Conn. 633, 638, 182 A. 472 (1936). The plaintiff's parents and the defendant, as parties to the contract, retained the rights to modify the contract. "For a valid modification, there must be mutual assent to the meaning and conditions of the modification and the *parties* must assent to the same thing in the same sense . . . if they are to vary the contract in any way. *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 402, 365 A.2d 1086 (1976)." (Emphasis added; internal quotation marks omitted.) *Manzin* v. *United Bank & Trust Co.,* 6 Conn. App. 513, 516, 506 A.2d 169 (1986). Because the plaintiff was not a party to the policy, therefore, she and the defendant lacked the power to modify the policy to incorporate a compulsory arbitration clause.

We next address the defendant's second argument that the second and third paragraphs restricted the submission by providing for de novo review by the trial court. A basic contradiction exists between the voluntary, unrestricted submission in paragraph one, and the statements regarding § 38a-336 in paragraphs two and three. The defendant concedes that the arbitration agreement was voluntary because the two parties agreed to submit the claim for arbitration, yet it argues that, by invoking § 38a-336, the arbitration is subject to the standard of review for compulsory arbitration. Section 38a-336 (c) has been characterized as a com-

pulsory arbitration provision; see *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 657, 591 A.2d 101 (1991); and has been construed to provide a de novo standard of review for questions of law decided in compulsory arbitration proceedings. *Stephan* v. *Pennsylvania General Ins. Co.*, supra, 224 Conn. 763. Because we have determined that the parties voluntarily agreed to submit the issues to arbitration, the only issue remaining is whether the submission was restricted to provide for de novo review. The standard of review derived specifically from § 38a-336 (c) is implicated only where the arbitration was compulsory. We conclude, accordingly, that the second paragraph does not alter the voluntary agreement and unrestricted submission set forth in the first paragraph.

In paragraph three, the parties reserved their rights pursuant to §§ 52-408 through 52-424, as well as their right to "court review" of the award pursuant to *American Universal Ins. Co.* v. *DelGreco,* supra, 205 Conn. 191. The defendant again argues that the inclusion of these provisions implies that the standard for reviewing an award obtained in compulsory arbitration must be applied to this case. Section 52-418 (a) (4), the provision at issue, concerns the trial court's powers to vacate an arbitration award. Because the term "court review" referred to in this section applies to both compulsory or voluntary proceedings, the inclusion of that term does not mandate that the trial court exercise de novo review of the arbitrators' legal conclusions.[5] Id.,

---

[5] See generally *Garrity* v. *McCaskey,* 223 Conn. 1, 6, 612 A.2d 742 (1992) (discussing voluntary, unrestricted submission that is subject to review pursuant to General Statutes § 52-418); *Bodner* v. *United Services Automobile Assn.,* supra, 222 Conn. 486–87 (discussing judicial review of compulsory arbitration pursuant to § 52-418); *Lawrence* v. *New Hampshire Ins. Co.,* 29 Conn. App. 484, 494–95, 616 A.2d 806, cert. denied, 224 Conn. 923, 618 A.2d 528 (1992) (discussing judicial review of compulsory arbitration pursuant to General Statutes §§ 52-418 and 52-419).

184–91, discusses court review of *both* compulsory and voluntary arbitration. There is no specific language in paragraph three that limits the powers of the arbitrators or expands judicial review of the voluntary, unrestricted submission set forth in paragraph one.

Moreover, the parties easily could have provided that the arbitrators' conclusions of law would be subject to de novo review. The failure explicitly to do so in this case leaves the submission unrestricted. As a result, the trial court applied the proper standard of review, namely, whether the award conformed to the submission.

## B

Having determined that the trial court applied the proper standard of review, we must examine the trial court's determination that the award did conform to the submission. Our Supreme Court recently explained in *Garrity* v. *McCaskey*, 223 Conn. 1, 7–11, 612 A.2d 742 (1992), that review of an award pursuant to § 52-418 (a) (4) can include an inquiry into whether the arbitrators exhibited a manifest disregard for the law when issuing the award. The court stated that "[i]n order to prevail, the defendant must demonstrate that the award reflects an egregious or patently irrational rejection of clearly controlling legal principles." Id., 11.[6] The court noted, however, that "[b]ecause we do not review an arbitrator's decision merely for errors of law, in the present case we do not decide the merits of the defendant's argument . . . . Even if the arbitrators

[6] On the basis of our determination that our standard of review is limited to a determination of whether the award conformed to the submission, we will not review the legal bases of the defendant's claim regarding the consent to settle provision. The defendant has made no claim under *Garrity* v. *McCaskey*, supra, 223 Conn. 1, that the arbitrators exhibited a manifest disregard of the law concerning the consent to settle provision when issuing the award.

were to have misapplied the law . . . such a miscon-struction of the law would not demonstrate the arbitra-tors' egregious or patently irrational rejection of clearly controlling legal principles." Id., 11–12.

In its motion to vacate the award, the defendant alleged, pursuant to § 52-418 (a) (4),[7] that the arbi-trators "exceeded their powers or so imperfectly exe-cuted them that a mutual, final and definite award . . . was not made." On appeal, the defendant con-tends that the arbitrators exceeded their powers and exhibited a manifest disregard of the law by failing to consider the merits of the defendant's substantive argument concerning an offset of the insurance. The defendant argues that moneys available under the defendant's policy should have been offset by $250,000, the amount provided to the plaintiff by Progressive. Contrary to the defendant's contentions, the arbi-trators did consider whether an amount, if any, should be offset by the $250,000 settlement with Progres-sive. The arbitrators concluded that despite the defend-ant's waiver of the defense that the plaintiff had breached a consent to settle clause, the defendant still would not be able to recover from Gianni or Progres-sive because Albrecht was totally at fault for the acci-dent. The arbitrators then determined that the defendant's $150,000 coverage could be offset by only $20,000, the amount of Progressive's liability cover-age. The arbitrators' decision to reduce the $150,000 by $20,000 indicates that they considered the matter of offsetting. We conclude that § 52-418 does not encompass the defendant's claims.[8] The terms of the

[7] See footnote 2.

[8] We note that the defendant did not allege on appeal that the arbitra-tor's determination with regard to the consent to settle provision amounted to a manifest disregard of law pursuant to *Garrity* v. *McCaskey,* supra, 223 Conn. 1. Because we have concluded that the award conformed to the

award are clear, and the award conforms to the issues submitted. Accordingly, we affirm the judgment of the trial court confirming the award.

## II

### THE PLAINTIFF'S CROSS APPEAL

The plaintiff has filed a cross appeal in which she claims that the trial court improperly denied her motion for supplemental judgment, in which she requested prejudgment interest from the date of the arbitration award to the date of judgment pursuant to General Statutes § 37-3a.[9] The trial court denied the motion, stating from the bench that it would "give the insurance company the benefit of the doubt in this matter and accept the claim that [Allstate] had made [its] arguments in good faith, and the court will not award interest in this matter." The trial court did not file a memorandum of decision on the motion.

An award of interest is primarily an equitable determination within the discretion of the trial court. *Stephan* v. *Pennsylvania General Ins. Co.*, supra, 224 Conn. 765; *Middlesex Mutual Assurance Co.* v. *Walsh*, 218 Conn. 681, 701–702, 590 A.2d 957 (1991). "The salient inquiry is whether the court could have reasonably concluded as it did. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds. . . . [*State* v. *Arbour*, 29 Conn. App. 744, 748, 618 A.2d 60 (1992)]." (Citations omitted; internal

submission, and that the trial court properly confirmed the award, we need not address the merits of the defendant's claim that the arbitrator improperly applied the consent to settle provision.

[9] General Statutes § 37-3a provides in pertinent part: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909 . . . ."

quotation marks omitted.) *Halloran* v. *North Canaan,* 32 Conn. App. 611, 614, 630 A.2d 145 (1993). "In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959)." (Internal quotation marks omitted.) Id.

The court's determination regarding the award of interest "should be made in view of the demands of justice rather than through the application of any arbitrary rule. . . . [*Middlesex Mutual Assurance Co.* v. *Walsh,* supra, 218 Conn. 702.] Whether interest may be awarded depends on whether the money involved is payable; General Statutes § 37-3a; see *White Oak Corporation* v. *Department of Transportation,* 217 Conn. 281, 302, 585 A.2d 1199 (1991); and whether the detention of the money is or is not wrongful under the circumstances. . . . *Middlesex Mutual Assurance Co.* v. *Walsh,* [supra, 218 Conn. 702]." (Internal quotation marks omitted.) *Stephan* v. *Pennsylvania General Ins. Co.,* supra, 224 Conn. 765.

In this case, both parties presented arguments to the trial court about the propriety of an award of prejudgment interest. The defendant contended that it had made good faith legal arguments in its motion to vacate, focusing on the point that the trial court should have applied a de novo standard of review to the legal conclusions made by the arbitrators. The court determined that the defendant had made good faith arguments in moving to vacate the arbitration award, implying that the detention of moneys prior to judgment by the defendant was not wrongful. Upon review of the record before us, we conclude that the trial court did not abuse its discretion in refusing to award prejudgment interest to the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.