[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OF DEFENDANT PAUL E. POZZI'S MOTION OF JUNE 6,1995 TO AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF DAVID M.CHIN'S EIGHTH AMENDED COMPLAINT
This action was commenced in October 1991 by David M. Chin ("Chin") against Paul E. Pozzi ("Pozzi") and Carlin Pozzi, Chin Architects P.C. ("Corporation"). The court file contains presently about 195 docket entries.
In May 1993 Chin filed his eighth amended complaint, which is forty pages long. That complaint contained fourteen counts, ten of which are directed to Pozzi individually. In August 1993 Pozzi filed his answer, special defenses and counterclaim. Pozzi's answer, in addition to answering the allegations of the eighth amended complaint also set out nine "Defenses" as well as a "First Counterclaim" The case was claimed for trial list on December 22, 1993. Although this case appeared on the trial list for trial after it was claimed for trial the file indicates no further activity until February 1995. Since the latter date the file has been fairly active although it is not at all yet ready for trial. It has been consolidated for trial with two other related cases, i.e. Carlin, Pozzi Architects P.V. v. David Chin (New Haven docket CV 92-0327338) and Carlin Pozzi Architects P.C. v. David Chin (New Haven Docket CV 91-0322996).
On June 6, 1995, Pozzi filed his motion for permission to amend his answer to Chin's eighth amended complaint. This proposed amendment, which is 37 pages long, by way of terse overview, when placed alongside Pozzi's 1993 answer reveals the following: His answers to the allegations of Chin's 1993 amended complaint are the same. He repeats the eight "Defenses" which he made to Chin's 1993 amended complaint and adds eleven new "Defenses" for a total of nineteen Defenses. In addition Pozzi has also set in his proposed amendment a "First Counterclaim" which tracks the "First Counterclaim" in his 1993 answer. Further, Pozzi has also set what he designates as "Counterclaim (By Way of Set off)" eleven more counterclaims. For example, the proposed pleading after the "First Counterclaim" is captioned "Second Counterclaim (By way of Set off)" and this designation is continued down through the twelfth and last pleading on this branch of the proposed amendment which is captioned "Twelfth Counterclaim (By Way of Set off)." CT Page 8183
In urging the granting of this motion to amend, Pozzi, citing the liberality in permitting amendments, also maintains that allowing the proposed amendments will not work injustice or unduly delay the trial. He stresses that the proposed added claims all arise out of Chin's complaint and his alleged improper conduct in leaving the defendant corporation of which he was a principal. Further, because no trial date has been set and the parties are in the "beginning phases of discovery" Pozzi further argues that Chin has ample opportunity to prepare a defense to the claims made by Pozzi in his proposed amendment. After an examination of the court file the claim that the parties are in the "beginning phases of discovery" is a fair statement. Moreover, no depositions have been noticed and/or taken since the action was brought. It is only in recent months that discovery, particularly way of numerous requests for admissions have been instituted.
On the other hand, Chin objects to Pozzi's present request to amend. He objects to the nature of the claims now being made and the dilatory effect it will have on the case. He argues that Pozzi raises new factual issues and new legal theories which, if allowed, will become "the subject of at least a Request to Revise and a Motion to Strike and most likely more Discovery by both sides" and that the trial will be "undeniably delayed" It is also claimed that several of the acts alleged "may well be barred by applicable statutes of limitation:" and that "some of the acts alleged occurred after the original cause of action arose" which, Chin says is contrary to the authority that "new courses of action which mature after the commencement of suit may not be permitted as additions to the case." Further, Chin maintains that Pozzi's proposed amendment is in improper form and in violation of the Practice Book Rules. There he claims that the added "Eighth through Nineteenth Special Defenses more properly sound in set offs" He also suggests that Pozzi has improperly set out his counterclaim set off claims. Contending that Pozzi's proposed amendment contains matters that Pozzi knew of four years ago, Chin indicates that Pozzi has been negligent in not alleging these matters earlier and that to do so now takes an "unfair advantage" of him and "may cause some prejudice in preserving or obtaining evidence in his defense."
A hearing was held on Pozzi's motion and Chin's objection. Pozzi filed a memorandum of law prior to that hearing. Since the hearing Chin has, with the court's permission, filed his memorandum on July 7, 1995. CT Page 8184
This writer has, since about December 1994, been monitoring this case and its two companion cases in attempting to get them actually ready to be tried. In that connection this court has met with counsel a number of times. All counsel have been cooperative. Without waxing superlative this case is most complex.
"`While our courts have been liberal in permitting amendments;Johnson v. Toscano, 144 Conn. 582, 587, 136 A.2d 341 (1957); this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. Cummingsv. General Motors Corporation, 146 Conn. 443, 449-50, 151 A.2d 884
(1959)." Kelley v. Bonney, 221 Conn. 549, 591 (1992). Rosick v.Equipment Maintenance Service Inc., 33 Conn. App. 25, 33 (1993),LoSacco v. Young, 20 Conn. App. 6, 17-18 (1989). "Whether to allow an amendment is a matter left to the sound discretion of the trial court. . ." Connecticut National Bank v. Voog, 233 Conn. 352, 369
(1995). In exercising its discretion the court should be mindful that it be done in conformity with the spirit of the law and in a manner to subserve and not to impede the ends of substantial justice. See Halloran v. North Canaan, 32 Conn. App. 611, 614
(1993). The particular circumstances of the cases are to be considered in passing upon a proposed amendment. See Bielaska v.Waterfront, 196 Conn. 151, 154 (1985); Warren v. F.M. Hastings Co.,174 Conn. 236, 240 (1978); Cummings v. General Motors Corporation,146 Conn. 443, 449 (1959).
It may well be that the plaintiff may file pleadings directed to Pozzi's proposed amendment including as the plaintiff has indicated in his opposition such matters as motion to strike, a motion to revise and perhaps others. In the event that that occurs as one or more of the results of this court's action on the proposed amendment they will have to been decided as they came before the court. This court is of the opinion that there is no sound reason, on what is before it at this time, to lead it to conclude that the proposed amendment should be denied. In the circumstances of this case, fairness and justice weigh on the side of granting Pozzi's Motion to Amend.
Therefore, the plaintiff's objection to the granting of the defendant Paul Pozzi's motion, dated June 6, 1995, to amend his answer, defenses and counterclaim to the plaintiff's eighth amended complaint is overruled and Pozzi's Motion to Amend of that date is granted. CT Page 8185
Arthur H. Healey State Trial Referee