[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Connecticut Insurance Guaranty Association ("CIGA") has applied to vacate an arbitration award arising out of an insurance policy issued to D L Transportation, Inc. The defendant Beth Onolfo has filed a cross motion to confirm the award. Onolfo initiated the arbitration pursuant to the underinsured motorist ("UM") provision of the policy, seeking to recover damages for injuries to her son, Anthony Zasun, who was injured while riding on a D L Transportation school bus. The CT Page 6207 policy was issued by United Community Insurance Company ("UCIC"), which became insolvent during the arbitration proceedings. CIGA then assumed the defense of the arbitration. The arbitrators awarded Onolfo a recovery of $299,900 against CIGA.
CIGA contends that the arbitrators exceeded their powers and it asks the court to undertake a de novo review of three legal issues which were presented to and decided by the arbitrators. Onolfo asks the court to uphold the arbitration award, but also seeks an award of interest pursuant to General Statutes § 37-3a.
The threshold question in any judicial review of an arbitration award is the standard of review to be applied. The defendant Onolfo contends that because the arbitration was voluntary and not compulsory, and because the submission was unrestricted, the court's review is limited to a determination of whether the award conformed to the submission. She claims that an unrestricted submission cannot be reviewed for errors of law or fact. CIGA concedes that the arbitration was voluntary and that the submission was unrestricted, but fails in its several memoranda of law to address the applicable standard of judicial review. Given that CIGA seeks de novo review by this court of several legal issues which arose during the arbitration, the court infers that CIGA believes de novo review is the appropriate standard.
The judicial standard of review of an arbitration award depends on "whether the arbitration was voluntary or compulsory and, if voluntary, whether the submission was restricted or unrestricted." Maluszewski v. Allstate Insurance Co.,34 Conn. App. 27, 32 (1994). If arbitration was voluntary and the submission was unrestricted, the judicial standard of review is limited to a determination of whether the award conformed to the submission. Id. Under such circumstances, the award cannot be reviewed for factual or legal error. Fraulo v. Gabelli,37 Conn. App. 708, 716 (1995). Errors of law are not subject to de novo review when the scope of the submission is unrestricted and the award conforms to the submission. Garrity v. McCaskey,223 Conn. 1, 4 (1992). A de novo review of legal issues decided by the arbitrators is available only if the arbitration was compulsory.Maluszewski v. Allstate Insurance Co., supra,34 Conn. App. 32-33.
Even with an unrestricted submission, however, our Supreme Court has recognized three grounds for vacating an award: (1) the CT Page 6208 award decides the constitutionality of a state statute; (2) the award is in violation of clear public policy; or (3) the award violates one of the statutory prohibitions of General Statutes § 52-418. Garrity v. McCaskey, supra, 223 Conn. 6. CIGA here has alleged a violation of § 52-418 (a)(4) in that CIGA contends that the arbitrators exceeded their powers or imperfectly executed them in their decision on certain legal issues. Our Supreme Court has ruled that in construing § 52-418 (a)(4), our courts should compare the award to the submission to determine whether the arbitrators have exceeded their powers. Id., 7. If the award conforms to the submission, the arbitrators have no exceeded their powers. The only other basis for vacating an award pursuant to § 52-418 (a)(4) is a claim of "manifest disregard of the law" where there has been an egregious misperformance of duty. Id.
CIGA, however, does not claim that the award implicates the constitutionality of a state statute or that it violates public policy. CIGA also has not made a claim of manifest disregard of the law in either its application to vacate the award or in its several memoranda of law submitted to the court. The court is therefore limited in its review of the award to a determination of whether the award conformed to the submission.
It is clear that the arbitrators' award in this case conformed to the submission. The issues of coverage, liability and damages were submitted to the arbitrators at the outset of the arbitration proceedings when UCIC was the respondent. Thereafter, once CIGA assumed the defense of the arbitration, it presented to the arbitrators the same three legal issues which it now presents to the court for judicial review: (1) whether the arbitrators lacked authority to interpret or apply the CIGA Act, General Statutes § 38a-838 et seq; (2) whether CIGA's obligation should be reduced by proceeds of medical insurance benefits received by Onolfo; and (3) whether the UM coverage in the policy at issue was "written down" to $40,000. The award demonstrates that two of the three arbitrators found for Onolfo on all three issues. The third arbitrator found for Onolfo on the first and third issues, but found for CIGA on the issue of a reduction for medical insurance benefits of $23,017.48.
Clearly, the award conformed to the submission, whether the submission is regarded as that presented at the outset of the arbitration proceedings or as modified after CIGA assumed the defense. Because the award conformed to the submission, the court CT Page 6209 lacks the authority to undertake a de novo review of the legal issues as requested by CIGA. CIGA's application to vacate is therefore denied.
The cross motion to confirm the award is granted in that the award is confirmed by the court. However, the cross motion also seeks an award of interest pursuant to General Statutes § 37-3a, which provides in part, "interest at the rate of ten percent a year . . . may be recovered and allowed in civil actions or arbitration proceedings under Chapter 909 . . . as damages for the detention of money after it becomes payable." The claim for interest is disputed by CIGA on the merits. CIGA also contends that interest is not recoverable against CIGA as a guaranty association.
CIGA is a nonprofit unincorporated legal entity created pursuant to statute. General Statutes § 38a-839. CIGA's obligations are set forth generally in General Statutes § 38a-841. Section 38a-841 (1)(a) provides that CIGA is obligated to pay "covered claims" when an insurer becomes insolvent. The term "covered claim" is defined in General Statutes § 38a-838 (6); the definition nowhere includes a claim for interest. Moreover, General Statutes § 38a-850 provides that CIGA is immune from liability for any action taken by it in the performance of its statutory duties. Insofar as Onolfo seeks interest because of CIGA's alleged lack of good faith in its application to vacate, § 38a-85 grants CIGA immunity from liability. Finally, the Act sets forth a liability cap for each covered claim of $300,000. General Statutes § 38a-841 (1)(a)(ii). Any meaningful award of interest against CIGA would exceed the statutory maximum because the arbitration award was $299,900.
In light of all three statutory provisions, the court finds that interest cannot be awarded against CIGA. Insofar as the cross motion to confirm the award seeks an award of interest, it is denied.
VERTEFEUILLE, J.