[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Factual and Procedural Background
David Warren was employed by the Town of Groton from October, 1989, until his termination on April 14, 1997, at the town CT Page 5001 landfill. On November 20, 1996, Warren was arrested by the Groton police and charged with two counts of larceny (by embezzlement) in the sixth degree and one violation of a town ordinance. The charges involved taking permit money from landfill users and not turning over the receipts to the town. Under C.G.S. §§ 53a-1
25b and 53a-26, larceny in the sixth degree is a Class C misdemeanor, with a maximum fine of $500. At trial, Warren entered a plea of nolo contendere (no contest) to one count of sixth degree larceny and paid a fine of $85 plus $15 in court costs.
Subsequently, on April 14, 1997, the Town of Groton terminated Warren's employment because he had been convicted of a crime arising out of his employment. Mr. Warren grieved his termination, which was denied, and that denial was appealed to arbitration .
An arbitration hearing was held on July 18, 1997, at which time two key issues were arbitrated: whether the Town of Groton had just cause to terminate David Warren under Article XVIII of the Collective Bargaining Agreement for (1) his conviction of crime arising out of his employment and/or (2) his insubordination.
The arbitrator rendered his award on December 1, 1997, and determined that the town did not have just cause to terminate Warren under Article XVIII "for his conviction of a crime arising out of his employment" because the conviction was not properly admissible as evidence in the termination proceeding. He decided that the town's Personnel Rules Governing Employee Discipline list at Rule 10, Section 1, examples of employee misconduct for which disciplinary action may be instituted. Those include: (a) "conviction of a felony or misdemeanor arising out of duty or within the scope of employment which may affect the performance of duty, " and (h) "misappropriation, destruction, theft or conversion of municipal property or equipment." Although both these sections are examples of employee misconduct, the arbitrator reasoned that the town relied only on (a) which relates to the "conviction" of the defendant rather than (h) that relates to misappropriation or theft and that the town failed to explain its basis under (a). On the defendant's plea of "nolo contendere, " the arbitrator held that the defendant was convicted solely and exclusively upon the plea bargain agreement. On the issue of insubordination, although the defendant asserted his Fifth Amendment right not to answer, the arbitrator held that CT Page 5002 the "Garrity Warnings" issued by the plaintiff were unclear and, therefore, the defendant's refusal to answer Mr. Schneider's questions was partly the town's fault.
On December 8, 1997, the Town of Groton filed an Application to Vacate Award with a memorandum in support of the application filed on January 26, 1998. A memorandum in opposition to the application to vacate was filed by the defendant Union on February 4, 1998. On February 9, 1998, the court heard argument at which time all parties were present and had an opportunity to be fully heard.
III. Discussion
"The threshold question in any judicial review of an arbitration award is the standard of review to be applied."Maluszewski v. Allstate Insurance Company, 34 Conn. App. 27, 32,640 A.2d 129 (1994). The judicial standard of review of an arbitration award depends on "[w]hether the arbitration was voluntary or compulsory and, if voluntary, whether the submission was restricted or unrestricted. Id. If the arbitration was voluntary and the submission was unrestricted, the judicial standard of review is limited to a determination of whether the award conformed to the submission." Fraulo v. Gabelli,37 Conn. App. 708, 716 (1995). "When the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitrator through their submission, then the scope of judicial review of the award is limited by the terms of the parties' agreement and by the provisions of General Statutes § 52-418." American Universal Ins. Co. v. DelGreco,205 Conn. 178, 185, 530 A.2d 171 (1987); see also Cashman v. Sullivan Donegan P.C., 23 Conn. App. 24, 26, 578 A.2d 167 (1990).
In order to vacate an award in the case of unrestricted submission, the court has recognized three grounds, namely, (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of § 52-418.Garrity v. McCaskey, 223 Conn. 1 (1992). Moreover, courts have historically construed narrowly two common law grounds: constitutionality and public policy exceptions to vacate an arbitration award. Id. The basis of these two grounds have been found in the statutory scheme as well. Id. The issue of constitutionality of the statute was not raised here. However, the second exception regarding public policy was argued in this CT Page 5003 case. This exception applies when the award is clearly illegal or clearly violative of a strong public policy. Watertown PoliceUnion Local 541 v. Watertown, 210 Conn. 333, 339 (1989); also seeBoard of Education v. Local 566. Council 4. AFSCME,43 Conn. App. 499 (1996).
In the instant matter, the plaintiff contends that the arbitrator's award has to be vacated because (1) the award violates strong public policy concerning the reinstatement of a convicted embezzler while in employment; and (2) the arbitrator exceeded his powers because he violated the collective bargaining agreement, as the award was rendered with manifest disregard of the law because the conviction was not recognized; and (3) the award was inconsistent with the undisputed facts found by the arbitrator reflecting an absurd or bizarre result.
A. Public Policy
In order to discuss the public policy issue, the defendant's conviction has to be clearly analyzed. The first question under this analysis is was there just cause to discharge Warren because of his conviction? Warren pled "nolo contendere." A plea of nolo contendere or no contest is merely a declaration by the accused that he will not contest the charge. "This plea serves its function in resolving criminal cases and the accused knows that the plea and conviction cannot be used against him in any other proceeding." Lawrence v. Kozlowski, 171 Conn. 706 (1976). The plaintiff argues that Lawrence is inapplicable because only the plea of "nolo" or "guilty" is precluded, not the fact of conviction. The plaintiff further argues that the "conviction" of the defendant is sufficient grounds for termination under the town rules governing employee discipline and therefore a "conviction of crime" arising out of employment is a terminable misconduct.
Plaintiff cites Alvey, Inc. v. Teamsters Local Union No. 688,1997 U.S. App. Lexis 5317 (8th Cir.), but it does not apply here. In Alvey a work rule was implemented which incorporated the Drug Free Workplace Act, 41 U.S.C. § 701-07. This act was part of the collective bargaining agreement. That agreement provided "the employee would be subject to disciplinary action at the sole discretion of the company, up to and including discharge, depending on the circumstances." Both parties had signed the collective bargaining agreement. CT Page 5004
This is not the case here. Although the parties did not have such a collective bargaining agreement, they had their own disciplinary rules that they were bound to follow. "Just as private parties cannot expect a court to enforce a contract between them to engage in conduct which is illegal or otherwise contrary to public policy, they cannot expect an intervening arbitral award approving (or ordering) that conduct to receive judicial endorsement." Board of Trustees v. Federation ofTechnical College Teachers, 179 Conn. 184, 195 (1979). When a challenge to the arbitrator's authority is made on public policy grounds, the court is "not concerned with the correctness of the arbitrator's decision but with the lawfulness of enforcing the award. Id. Our criminal statutes evidence a clear public policy interest against embezzlement. The public policy of discouraging fraud generally is firmly rooted in our common law as well. . . ." See Board of Education v. Local 566, supra at 505. It is a contravention of public policy to reinstate an employee convicted under a state statute. Avco Corporation v. Preteska,22 Conn. Sup. 475 (1961). Therefore, the reinstatement of the defendant clearly violates the strong public policy of this state against embezzlement.
Since this court reaches the conclusion that the award must be vacated because it violates public policy, there is no need for the court to address the plaintiff's other argument regarding vacation.
Finally, on the issue of insubordination, the plaintiff argues that the defendant's refusal to cooperate with the department's investigation constitutes insubordination. The defendant on the other hand argues that he asserted his Fifth Amendment rights because he was not given the "Garrity Warnings" properly. The Supreme Court of the United States has held that statements made by a public employee to his employer under threat of discipline could not be used against him in subsequent criminal prosecution. Garrity v. New Jersey, 385 U.S. 493 (1967). However, the court has also recognized the employer's absolute right to question an employee about possible work related misconduct and terminate the employee for refusing to answer. Id. When an employee is questioned about legitimate work related activity, a refusal to answer constitutes insubordination providing a just cause for discipline. Since the defendant's termination is justified, his personal and vacation day payments are denied accordingly. To uphold the public policy interests of the state against employing embezzlers, this court relies on the CT Page 5005 defendant's conviction as grounds for termination.
III. Conclusion
The arbitrator's award is a violation of public policy. Accordingly, the plaintiff's application to vacate arbitration award is granted.
Handy, J.