[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By application dated December 29, 1998, the plaintiff, Sarah Quigley-Dodd, Administratrix, seeks an order vacating a certain arbitration award involving matters between the plaintiff and the defendant, General Accident Insurance Company of America (General Accident). The defendant, Aetna Casualty Surety Co. (Aetna), was made a party to the proceeding by order dated October 4, 1999.[1] Both defendants have filed motions to confirm the arbitration award.
The factual basis for the dispute before the court began with a fatal accident which occurred on January 11, 1990, when the plaintiffs decedent was killed in a vehicular accident in Colorado. The decedent, Marshall McKim (McKim), was a passenger CT Page 2476 in a jeep driven by Peter Lantz (Lantz) when it collided at an intersection with a truck driven by Ronald Townsend (Townsend) and owned by UINTAH Freightways (UINTAH). McKim and Lantz, both Connecticut residents, traveled to Colorado for a ski vacation. The jeep had been rented by McKim at the Denver Airport in Colorado.
The plaintiff is the administratrix of McKim's estate and brought a claim for underinsured motorist benefits against General Accident and Aetna as the underinsured motorist carriers of the decedent. At the time of the accident Lantz carried liability coverage in the amount of $100,000, which amount was paid to the decedent's estate. UINTAH paid the plaintiff the sum of $40,000. The plaintiff was unable to recover any damages from the rental company because Lantz was not an authorized driver of the jeep.
General Accident's policy coverage for underinsured motorist benefits is $900,000; Aetna's policy coverage for underinsured motorist benefits is $250,000. The plaintiff contends that, given the fact McKim died in the accident and Lantz was underinsured at the time of the accident, she is entitled to recover the full limits of both policies less the appropriate proportionate credits for payments already made to the estate.
The contract of insurance between the plaintiff and General Accident contains an arbitration clause.[2] Pursuant to the provisions of that clause, a panel of three arbitrators convened and rendered its decision on December 9, 1998. Two of the six stipulated issues in dispute before the panel were as follows:
• Whether Peter Lantz, the operator of the vehicle in which the decedent, Marshall McKim, was a passenger, is responsible for the death of Marshall McKim?
• In the event [this issue is found] in favor of the claimant, should the law of Connecticut or the law of Colorado govern the amount of damages recoverable by the claimant?
The panel, in a 2-1 decision, concluded that Lantz was 75% responsible for the death of McKim and that Colorado law was the applicable law to apply in determining the amount of damages recoverable by the claimant. In the plaintiffs application to vacate the award, it is claimed that the panel erred in its rulings on these two issues.[3]
CT Page 2477
As a starting point, the court must determine the proper scope of review. To do so, it must first determine whether it is reviewing an award resulting from voluntary arbitration or mandatory arbitration. American Universal Insurance Co. v.DelGreco, 205 Conn. 178, 530 A.2d 171 (1987). Typically, arbitration is a creature of contract. The language of the contract controls both what disputes will be arbitrated and what issues are arbitrable. Emcon Corp. v. Pegnataro, 212 Conn. 587,592, 562 A.2d 521 (1989); Gary Excavating, Inc. v. North Haven,164 Conn. 119, 122, 318 A.2d 84 (1972). The concept that the insurance contract language controlled the arbitration was adopted in the context of uninsured motorist coverage. Frager v.Pennsylvania General Insurance Co., 155 Conn. 270, 231 A.2d 531
(1967). In 1971, however, the legislature amended Connecticut General Statutes section 38-175c (now section 38a-336) to read, in pertinent part,
 Each automobile liability insurance policy [providing uninsured motorist insurance] . . . which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding.
This statutory language restricts contractual control of arbitration to the extent that any policy with an arbitration clause must also provide that disputes arising over issues of coverage be arbitrated.
Our Supreme Court in Wilson v. Security Insurance Group,199 Conn. 618, 509 A.2d 467 (1986) construed section 38-175c as making arbitration of insurance coverage issues compulsory. However, section 38a-336, formerly section 38-175c, compels arbitration only for issues of coverage. It is noteworthy that our courts have not found any other issues which, when disputed, are compelled to be arbitrated. DelGreco, supra; Wilson, supra.
"[W]here judicial review of compulsory arbitration proceedings required by 38-175c(a)(1) is undertaken under General Statutes52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators. The court is not bound by the limitations contractually placed on the extent of its review as in voluntary arbitration proceedings." (Emphasis added.) DelGreco, supra, 191. In other words, if an arbitration panel decides a question of law concerning coverage, CT Page 2478 the trial court is required to undertake a de novo review of the panel's determination. The factual findings of arbitrators made in compulsory arbitration proceedings under section 38-175c, now section 38a-336, is reviewed under the "substantial evidence" test that prevails in review of factual determinations by administrative agencies. Chmielewski v. Aetna Casualty SuretyCo., 218 Conn. 646, 656, 591 A.2d 101 (1991). In a voluntary andunrestricted submission, the trial court's standard of review would be limited to whether the award conformed to the submission. Maluszewski v. Allstate Insurance Co.,34 Conn. App. 27, 32, 640 A.2d 129 (1994).
The plaintiff claims that the issue of whether Connecticut or Colorado law applies constitutes an issue of coverage under the policy and, therefore, is entitled to de novo review as a legal issue in a compulsory proceeding. With respect to the issue concerning the percentage of negligence to be attributed to Lantz, the plaintiff claims this is a factual finding made in a compulsory arbitration. As such, it is argued that the "substantial evidence" test is the appropriate standard of review.
The determination of whether the application of Connecticut or Colorado law is a "coverage" or a "noncoverage" issue is critical to this court's standard of review. An issue of coverage, simply put, is whether a particular claimant is entitled to recover damages under the subject policy for injuries sustained in a particular incident. Many factors can affect coverage, e.g., the effective date of the policy; if the claimant is an "insured" under the policy; and exclusions under the policy.[4]
The other element in a claims situation is the amount of damages recoverable if the claimant is "covered" under the policy.
The court finds that the choice of law issue in this case is not a coverage issue. Application of Colorado law or Connecticut law affects only the amount of damages; it has no bearing whatever on whether or not the plaintiff is covered under the provisions of the General Accident policy. Having determined that the issue was not a coverage issue, it follows ineluctably that the arbitration was voluntary.
This court also finds, after a review of the pertinent provisions of the insurance contract, that the submission was CT Page 2479 unrestricted. "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted."Garrity v. McCaskey, 223 Conn. 1, 5, 612 A.2d 742 (1992). There are no restrictions on the authority of the arbitrators in the General Accident policy. Having concluded that the arbitration in this case is both voluntary and unrestricted, this court may not subject the arbitrators' conclusions to de novo review.
 [T]he arbitrators derived their authority not from the statute, but from the contract between the parties. Arbitration of this issue was, therefore, voluntary, and judicial review of the arbitrators' decision is limited to determining whether the award conforms to the submission. Because 38-175c does not require arbitration of noncoverage issues, the arbitrators' resolution of those issues is not subject to de novo review.
Bodner v. United Services Automobile Association, 222 Conn. 480,488-89, 610 A.2d 1212 (1992).
Where, as here, the authority to arbitrate devolves from contract, "an unrestricted submission carries with it the power to decide, with finality, all issues of fact or law in the proceedings." Id., 501. "Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact."DelGreco, supra, 186.
Even in the case of an unrestricted submission, our Supreme Court has recognized three grounds for vacating an award: I) the award rules on the constitutionality of a statute; 2) the award violates clear public policy; or 3) the award contravenes one or more of the statutory proscriptions of section 52-418 of the General Statutes. Garrity, supra, 6. The plaintiff has raised no issue which would implicate any of the three enumerated grounds.
The appropriate standard of review, therefore, for both of plaintiffs issues in this case, is whether the arbitrators' award conforms to the submission. Bodner, supra; DelGreco, supra. "Such a limited scope of judicial review is warranted given the fact that the parties voluntarily bargained for the decision of the CT Page 2480 arbitrator and, as such, the parties are presumed to have assumed the risks of and waived objections to that decision." DelGreco, supra, 186-87.
The parties submitted this dispute to the arbitration panel pursuant to the provisions of the General Accident insurance contract. The submission, therefore, is the arbitration clause and the policy of insurance. Applying the scope of judicial review applicable for voluntary arbitration to the facts at hand, this court concludes that the arbitrators' decision that Colorado law governs the amount of damages recoverable and that Lantz was 75% responsible for the death of McKim is not outside the submission of the parties.
The plaintiffs application to vacate the arbitration award is denied. The defendants' motions to confirm the award of the arbitrators are granted, with the agreed upon correction to prorate between General Accident and Aetna the credit of the $40,000 payment made by UINTAH to the plaintiff.
Koletsly, J.