******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LITA WICKSER TOLAND *v.* JOHN GERARD TOLAND
## (AC 39241)

Lavine, Sheldon and Elgo, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court dissolving her marriage to the defendant after the court denied her motion to vacate an arbitration award and granted the defendant's motion to confirm the award, which divided the parties' assets and awarded the defendant attorney's fees. *Held*:

1. The trial court properly construed the parties' submission to the arbitrator as unrestricted with regard to alimony and property division, and correctly declined the plaintiff's request that it engage in a more searching review of those issues; the parties' arbitration agreement broadly authorized the arbitrator to resolve the parties' dissolution of marriage action, including, but not limited to, issues of alimony, property division, and attorney's fees and costs, and provided for limited appellate review of the arbitrator's legal conclusions, but did not expand the scope of judicial review to include factual determinations, and although courts will conduct a more searching review of an arbitrator's conclusions of law where the parties agreed to that, the parties here did not do so, and the plaintiff's attack on the arbitrator's legal conclusions was, in reality, simply a disagreement with the arbitrator's factual determinations regarding alimony and the division of property.

2. The plaintiff could not prevail on her claim that the arbitrator's award violated public policy and should have been vacated because the arbitrator failed to properly apply the statutory (§§ 46b-81 and 46b-82) factors regarding how alimony is awarded and property is divided; the plaintiff failed to provide any authority holding that the proper application of §§ 46b-81 and 46b-82, which are intensely factual in application, requires any particular result, and, thus, because she failed to identify a clear public policy allegedly violated by the arbitrator's award, the trial court properly refused to review the award de novo.

3. The plaintiff's claim that the arbitrator's award violated statute (§ 52-418 [a] [2]) due to the arbitrator's evident partiality was unavailing: the arbitrator's admonishments and warnings to the plaintiff as to the imposition of sanctions against her did not demonstrate evident partiality, as the arbitrator appropriately attempted to control the proceedings and keep the testimony relevant and focused in light of the fact that the plaintiff was combative with counsel and had provided answers that were nonresponsive, the record belied the plaintiff's claim that evident partiality existed on the basis of the arbitrator's failure to inquire into the plaintiff's ability to proceed with the hearing, the award itself and the arbitrator's denial of the plaintiff's request for a recess did not amount to evidence of bias, and the plaintiff failed to provide any authority to support her claim that certain editorial comments in the arbitrator's decision demonstrated evident partiality; moreover, the plaintiff failed to establish her claim that the arbitrator acted in manifest disregard of the law, in violation of § 52-418 (a) (4), which was based on her claim that the arbitrator had failed to apply the facts or consider all of criteria within §§ 46b-81 and 46b-82, the arbitrator's decision having stated that all statutory criteria and case law regarding the issues presented for dissolution were considered.

4. The plaintiff's claim that the trial court committed plain error by not vacating the arbitration award was not reviewable, the plaintiff having failed to brief her claim adequately.

5. The plaintiff could not prevail on her claim that the arbitrator improperly awarded the defendant attorney's fees pursuant to statute (§§ 46b-62 and 46b-82); the plaintiff failed to specify why the trial court should have vacated the arbitrator's award under any of the three viable grounds for vacating an arbitrator's award involving an unrestricted submission, and her claim amounted to nothing more than disagreement with the award of attorney's fees.

Argued October 19, 2017—officially released February 27, 2018

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant filed a cross complaint; thereafter, the court, *Hon. Stanley Novack*, judge trial referee, granted the plaintiff's motion to approve the parties' agreement to engage in arbitration; subsequently, the defendant filed a motion to confirm the arbitration award, and the plaintiff filed a motion to vacate the award; thereafter, the matter was tried to the court, *Colin, J.*; judgment granting the defendant's motion to confirm, denying the plaintiff's motion to vacate, and dissolving the parties' marriage and granting certain other relief, from which the plaintiff appealed to this court. *Affirmed.*

*Michael V. Longo*, with whom were *David V. DeRosa* and, on the brief, *Kenneth A. Votre* and *Jeffrey A. Denner*, pro hac vice, for the appellant (plaintiff).

*Charles D. Ray*, with whom, on the brief, was *Brittany A. Killian*, for the appellee (defendant).

*Opinion*

LAVINE, J. The plaintiff, Lita Wickser Toland, appeals from the judgment of the trial court dissolving her marriage to the defendant, John Gerard Toland, rendered after the court denied her motion to vacate and granted the defendant's motion to confirm an arbitrator's award. On appeal, the plaintiff claims (1) that the arbitration proceeding involved a restricted submission, warranting expanded judicial review of the arbitrator's award of alimony and property division. Alternatively, she argues that the trial court improperly confirmed the award because: (2) the award violates the public policy underlying General Statutes §§ 46b-81 and 46b-82 and case law construing those statutes; (3) the award contravenes General Statutes § 52-418 given the arbitrator's evident partiality and manifest disregard of the law; (4) the trial court committed plain error by confirming the arbitrator's decision; and (5) the arbitrator improperly awarded attorney's fees. We affirm the judgment of the trial court.

The following facts and procedural history are relevant. The parties were married on August 22, 1987. In September, 2014, the plaintiff commenced the underlying dissolution action. After litigating the matter in the trial court for approximately sixteen months, the parties, on January 5, 2016, agreed to submit the matter to arbitration. On that same day, the court, *Hon. Stanley Novack*, judge trial referee, granted the plaintiff's motion to approve the arbitration agreement. See General Statutes § 46b-66 (c). Pursuant to their agreement, the parties consented to have a retired judge of the Superior Court serve as the arbitrator. A two day arbitration proceeding took place on February 1 and 2, 2016.

The parties agreed that Connecticut law would govern the substantive issues to be decided by the arbitrator. Additionally, paragraph 5 of the parties' agreement provided: "Issues: The parties shall arbitrate the dissolution of marriage action, including, but not limited to issues of alimony, property division for both assets and liabilities, lump sum alimony, and attorney fees and costs. The parties will stipulate to the maximum Child Support Guidelines amount for one child. The arbitrator shall consider this amount in making the appropriate alimony determination." Paragraph 11 of the agreement provided in relevant part: "Arbitration Award . . . . The legal conclusions and applicability of what is considered property or income for alimony shall be reserved and subject to appeal by either party within the appeal period commencing upon the approval of the arbitrator's decision by the Superior Court. The findings of fact made by the arbitrator shall not be reserved as an issue for appeal. The parties are separately acknowledging this in Schedule A appended hereto."[1]

The arbitrator rendered her award on March 10, 2016. She awarded the plaintiff alimony, divided the parties' marital and premarital assets, and awarded the defendant attorney's fees.[2] On March 22, 2016, the defendant filed a motion to confirm the arbitration award. See General Statutes §§ 52-417 and 52-420; see also General Statutes § 46b-66 (c). The plaintiff filed her motion to vacate on March 24, 2016. See General Statutes §§ 52-418 and 52-420.

In her memorandum of law in support of the motion to vacate, the plaintiff argued the same claims she presses on appeal, including her contention that the agreement "specifically provided for judicial review of all . . . issues of law in the award, as well as the application of Connecticut law by the arbitrator." Thus, she argued that the submission to arbitration "was clearly not unrestricted." The defendant opposed the plaintiff's motion to vacate and argued that the plaintiff misunderstood paragraph 11 of the parties' agreement. According to the defendant, paragraph 11 "allow[ed] a party to appeal after confirmation of the arbitration award on the limited issue of what is considered property or income for alimony purposes. In other words, this provision *allows an appeal to the Appellate Court*, not the Superior Court, on the sole issue of the *classification* of something as property or income *for alimony* purposes." (Emphasis added.) Thus, the defendant took the position that judicial review of the award was limited because "[t]he plaintiff ha[d] not claimed . . . that there was a mischaracterization of any of the parties' holdings as property or income for alimony purposes."

The court, *Colin, J.*, denied the plaintiff's motion to vacate and granted the defendant's motion to confirm on May 16, 2016.[3] The court found that the plaintiff had failed to prove her claims, but did not specifically address whether the agreement involved a restricted or an unrestricted submission. The plaintiff appeals from the judgment, in which the court granted the defendant's motion to confirm and dissolved the parties' marriage. Additional facts will be set forth as necessary.

I

We first address our standard of review. The plaintiff claims that the arbitration proceeding involved a restricted submission, warranting expanded judicial review of the arbitrator's award of alimony and property division. She asserts that her appeal "challenges the *legal conclusions* of [the arbitrator] as to alimony and property division . . . ." (Emphasis added.) According to her, these issues were explicitly reserved for appellate review. Therefore, she argues, we should review her appeal under the abuse of discretion standard that is generally applicable to domestic relations matters. See, e.g., *Gervais* v. *Gervais*, 91 Conn. App. 840, 843–44, 882 A.2d 731, cert. denied, 276 Conn. 919, 888 A.2d

88 (2005).

The defendant appears to agree that the "conclusions of law made by the arbitrator are specifically subject to judicial review in the agreement . . . ." According to the defendant, however, the plaintiff simply challenges "the arbitrator's application of the evidence to the various factors set forth in General Statutes §§ 46b-81 and 46b-82. Thus, her claim falls within the unrestricted portion of the agreement and should be reviewed as would any other arbitration award." In other words, he argues that we should apply standard rules governing review of arbitration awards because the plaintiff's appeal does not implicate the arbitrator's legal conclusions.[4] We agree with the defendant.

"Our analysis of the [plaintiff's] claim is guided by the well established principles of law governing arbitration. Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the [arbitrator]. . . .

"Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . . Under an unrestricted submission, [an arbitrator's] decision is considered final and binding; thus the courts will not review the evidence considered by the [arbitrator] nor will they review the award for errors of law or fact. . . . Such a limited scope of judicial review is warranted given the fact that the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are presumed to have assumed the risks of and waived objections to that decision. . . . It is clear that a party cannot object to an award which accomplishes precisely what the [arbitrator was] authorized to do merely because that party dislikes the results." (Citations omitted; internal quotation marks omitted.) *LaFrance* v. *Lodmell*, 322 Conn. 828, 850–51, 144 A.3d 373 (2016).

"The submission constitutes the charter of the entire arbitration proceedings and defines and limits the issues to be decided." (Internal quotation marks omitted.) *Schoonmaker* v. *Cummings & Lockwood of Connecticut, P.C.*, 252 Conn. 416, 454, 747 A.2d 1017 (2000). "When the submission to the arbitrator contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review, the submission is deemed restricted and we engage in de novo review." (Internal quotation marks omitted.) *Office of Labor Relations* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 288 Conn. 223, 229, 951 A.2d 1249 (2008); see also *Garrity* v. *McCaskey*, 223 Conn. 1, 5, 612 A.2d 742 (1992). "In the absence of any such qualifications, an agreement is unrestricted." (Internal quotation marks

omitted.) *LaFrance* v. *Lodmell*, supra, 322 Conn. 851.

"The significance, therefore, of a determination that an arbitration submission was unrestricted or restricted is not to determine what the [arbitrator is] obligated to do, but to determine the scope of judicial review of what [he or she has] done. Put another way, the *submission* tells the [arbitrator] what [he or she is] obligated to decide. The determination by a court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the [arbitrator's] decision." (Emphasis in original.) *United States Fidelity & Guaranty Co*. v. *Hutchinson*, 244 Conn. 513, 520, 710 A.2d 1343 (1998). "If the parties engaged in voluntary, but restricted, arbitration, the trial court's standard of review would be broader *depending on the specific restriction*." (Emphasis added.) *Maluszewski* v. *Allstate Ins. Co*., 34 Conn. App. 27, 32, 640 A.2d 129, cert. denied, 229 Conn. 921, 642 A.2d 1214 (1994), overruled in part on other grounds by *DiLieto* v. *County Obstetrics & Gynecology Group, P.C*., 310 Conn. 38, 53 n.13, 74 A.3d 1212 (2013).[5]

The plaintiff argues that the arbitrator's "findings of fact when applied to the law" governing alimony awards and the division of property amount to legal conclusions. She therefore claims that the parties' agreement requires expanded judicial review of those issues and asks us to review the arbitrator's award for an abuse of discretion. Courts will conduct a more searching review of an arbitrator's conclusions of law where the parties agree to that; see, e.g., *United Illuminating Co*. v. *Wisvest-Connecticut, LLC*, 259 Conn. 665, 670 n.1, 791 A.2d 546 (2002); but the plaintiff, here, is not attacking conclusions of law. See, e.g., *Lynch* v. *Lynch*, 153 Conn. App. 208, 227, 100 A.3d 968 (2014) (alimony "is *damages* to compensate for loss of marital support and maintenance" and "represents *the court's finding*, measured in dollars, of the financial needs of the receiving spouse" [emphasis added; internal quotation marks omitted]), cert. denied, 315 Conn. 923, 108 A.3d 1124, cert. denied, U.S. , 136 S. Ct. 68, 193 L. Ed. 2d 66 (2015); *Lynch* v. *Lynch*, 135 Conn. App. 40, 51 n.9, 43 A.3d 667 (2012) (rejecting plaintiff's invitation to apply plenary review to his challenge to court's distribution of intellectual property because, inter alia, "the decision of the court . . . *constituted a factual determination*" and noting that "[t]he court did not conduct a legal analysis or consider a mixed question of law or fact in making this determination" [emphasis added]). The plaintiff couches her argument as an attack on the arbitrator's "legal conclusions," but in reality she simply disagrees with the arbitrator's *factual determinations* regarding alimony and the division of property.

The parties could have agreed to expanded judicial review of those issues; see, e.g., *HH East Parcel, LLC* v. *Handy & Harman, Inc*., 287 Conn. 189, 204 n.16, 947

A.2d 916 (2008) ("[p]arties to agreements remain . . . free to contract for expanded judicial review of an arbitrator's findings"); but they did not. Expanded judicial review does not apply to those issues that the parties wanted the arbitrator to decide, but did not agree to have a court revisit. See *United Illuminating Co.* v. *Wisvest-Connecticut, LLC*, supra, 259 Conn. 669, 675 (parties agreed to de novo judicial review of arbitrators' conclusion of law, but court deferred to arbitrators' factual findings because those were "conclusive and binding . . . and not subject to judicial review" according to parties' agreement [internal quotation marks omitted]); see also *Milford* v. *Coppola Construction Co.*, 93 Conn. App. 704, 711, 891 A.2d 31 (2006) ("even if restricted, the breadth or narrowness of the scope of our review is necessarily limited by the nature of the restriction"); *Maluszewski* v. *Allstate Ins. Co.*, supra, 34 Conn. App. 35–36 (trial court properly treated submission as unrestricted because parties' arbitration agreement did not alter submission or otherwise expand judicial review of arbitrator's conclusions of law). This aligns with the general principle that "we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.) *LaFrance* v. *Lodmell*, supra, 322 Conn. 851.

Here, paragraph 5 of the agreement broadly authorized the arbitrator to resolve "the dissolution of marriage action, including, but not limited to issues of alimony, property division for both assets and liabilities, lump sum alimony, and attorney fees and costs." Paragraph 11 provided for limited appellate review of "legal conclusions," but not findings of fact. Therefore, paragraph 11 does not alter the broad submission set forth in paragraph 5 or otherwise expand the scope of judicial review to include factual determinations. See *Maluszewski* v. *Allstate Ins. Co.*, supra, 34 Conn. App. 34–36. Accordingly, the trial court properly construed the submission as unrestricted with regard to alimony and property division, and correctly declined to engage in a more searching review of those issues.

## II

Having determined the proper standard of review, we turn to the plaintiff's alternative claims. "Even in the case of an unrestricted submission, we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Internal quotation marks omitted.) *Alexson* v. *Foss*, 276 Conn. 599, 612, 887 A.2d 872 (2006). The present appeal implicates the second and third grounds. We review the trial court's decision with regard to each ground de novo. See, e.g., *Bridge-*

port v. *Kasper Group, Inc.*, 278 Conn. 466, 475, 899 A.2d 523 (2006); *Groton* v. *United Steelworkers of America*, 254 Conn. 35, 45, 757 A.2d 501 (2000).

The plaintiff claims that the arbitrator's award should be vacated because it violates public policy. According to the plaintiff, the arbitrator ignored or misapplied statutes and well established case law "in rendering her utterly disproportionate award . . . ." More specifically, she argues that the arbitrator failed to properly apply and consider all of the statutory factors in §§ 46b-81 and 46b-82.[6] Because the arbitrator allegedly failed to properly apply and consider the statutory factors regarding how alimony is awarded and property is divided, the plaintiff claims that the award violates public policy.

In response, the defendant argues that the plaintiff has not identified a well-defined and dominant public policy that the arbitrator's decision violates. He argues that "there is no public policy that any particular outcome is required in a case such as this one," where the governing statutes afford the arbitrator wide discretion in distributing marital property, awarding alimony, and awarding attorney's fees. We agree with the defendant.

"Our Supreme Court in *Schoonmaker* v. *Cummings & Lockwood of Connecticut, P.C.*, [supra, 252 Conn. 416], enunciated the proper standard of review for determining whether an arbitral decision violates a clear public policy." *Cheverie* v. *Ashcraft & Gerel*, 65 Conn. App. 425, 431, 783 A.2d 474, cert. denied, 258 Conn. 932, 785 A.2d 228 (2001). "*Schoonmaker* require[s] a two-step analysis in cases such as this one in which a party raises the issue of a violation of public policy in an arbitral award. First, we must determine whether a clear public policy can be identified. Second, if a clear public policy can be identified, we must then address the ultimate question of whether the award itself conforms with that policy." (Internal quotation marks omitted.) Id., 432. "The substance, not the form, of the challenge will govern. Thus, the court should not afford de novo review of the award without first determining that the challenge truly raises a legitimate and colorable claim of violation of public policy. If it does raise such a claim, de novo review should be afforded. If it does not, however, the normal deferential scope of review should apply." *Schoonmaker* v. *Cummings & Lockwood of Connecticut, P.C.*, supra, 429 n.7.

According to the plaintiff, public policy required the arbitrator to consider all of the factors in §§ 46b-81 and 46b-82 before awarding alimony and dividing property, to correctly weigh the evidence, and to provide sufficient alimony. The essence of her claim is that public policy required the arbitrator to *properly* award alimony and divide property pursuant to §§ 46b-81 and 46b-82. Generally speaking, a trial court enjoys broad discretion when it decides these issues in connection with a disso-

lution action. See, e.g., *Greco* v. *Greco*, 275 Conn. 348, 354, 880 A.2d 872 (2005); *Wood* v. *Wood*, 165 Conn. 777, 783–84, 345 A.2d 5 (1974). The plaintiff has failed to provide us with any authority holding that the proper application of §§ 46b-81 and 46b-82 *requires* any particular result, and we are unaware of such authority.[7] Both §§ 46b-81 and 46b-82 are "intensely factual in application . . . ." (Internal quotation marks omitted.) *Cheverie* v. *Ashcraft & Gerel*, supra, 65 Conn. App. 433–34 (rule 1.5 of Rules of Professional Conduct does not implicate legitimate public policy because "reasonableness" of attorney's fees is "intensely factual in application"). Therefore, the plaintiff failed to identify a clear public policy allegedly violated by the arbitrator's award. Accordingly, the trial court properly refused to review the award de novo.

III

The plaintiff next claims that the award should be vacated because it violates § 52-418 (a) (2) and (4).[8] We are unpersuaded.

A

The plaintiff claims that the award violates § 52-418 (a) (2) due to the arbitrator's evident partiality. She makes various arguments in support of her claim. As she did before the trial court, she argues that both the "award itself" and the fact that the arbitrator admonished her during the arbitration proceedings and threatened sanctions for "her style of answering questions" demonstrate evident partiality. For the first time on appeal, the plaintiff also argues: the arbitrator knew that she suffered from Lyme disease and was ill during the proceedings, but "made no meaningful inquiry, thus . . . ignoring the whole issue of [the plaintiff's] competence to testify and generally proceed with the hearing"; the arbitrator denied the plaintiff's request for a recess; and the arbitrator made certain "editorial comments" in her written decision that were "arguably unnecessary, if not gratuitous."[9] We conclude that the plaintiff's claim is meritless.

"A party seeking to vacate an arbitration award on the ground of evident partiality has the burden of producing sufficient evidence in support of the claim. An allegation that an arbitrator was biased, if supported by sufficient evidence, may warrant the vacation of the arbitration award. . . . The burden of proving bias or evident partiality pursuant to § 52-418 (a) (2) rests on the party making such a claim, and requires more than a showing of an appearance of bias. . . . In construing § 52-418 (a) (2), [our Supreme Court] concluded that evident partiality will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration. To put it in the vernacular, evident partiality exists where it reasonably looks as though a given arbitrator would tend to favor one of

the parties." (Internal quotation marks omitted.) *Stratford* v. *International Federation of Professional & Technical Engineers, Local 134*, 155 Conn. App. 246, 257, 108 A.3d 280 (2015).

The "award itself" and denying the plaintiff a recess are, at most, adverse rulings. They in no way amount to evidence of bias. See, e.g., *Alexson* v. *Foss*, supra, 276 Conn. 618.

The transcripts of the arbitration proceedings also disclose that the plaintiff wanted to tell her side of the story and that, at times, the arbitrator expressed some frustration and impatience with her. The plaintiff, however, draws our attention to isolated instances in the record that are taken out of context. Throughout the proceedings, the plaintiff provided answers that were nonresponsive, began to respond to questions before counsel completed them, attempted to testify when no questions were pending, or was combative with counsel.[10] The record suggests that the arbitrator was simply attempting, appropriately, to control the proceedings and keep the testimony relevant and focused. Cf. *Wiegand* v. *Wiegand*, 129 Conn. App. 526, 535, 21 A.3d 489 (2011) (trial court, "at times, demonstrated some frustration and impatience with the plaintiff," but was impartial because "it [was] apparent that the court was attempting to keep the testimony relevant and focused"). The arbitrator's admonishment of the plaintiff and warnings to her about the imposition of sanctions, therefore, fail to demonstrate evident partiality.

The plaintiff fails to direct our attention to any authority supporting her argument that the "editorial comments" in the arbitrator's decision demonstrate evident partiality. Simply put, the plaintiff takes issue with how the arbitrator phrased some of her factual findings or how she characterized the plaintiff's claims. The plaintiff has failed to bring to our attention any words or phrases used by the arbitrator indicating that she tended to favor one party over the other.

Finally, the plaintiff's argument that evident partiality exists based on the arbitrator's failure to inquire into the plaintiff's ability to proceed with the hearing is belied by the record. The arbitrator expressly found that the plaintiff "has Lyme disease and . . . that its symptoms interfere with many of her activities, causing fatigue and pain. There were times during the hearing that the plaintiff engaged in outbursts; she attributed that to the Lyme disease." The arbitrator even asked the plaintiff about her treatment for Lyme disease. On multiple occasions, the plaintiff also stated that "I don't need a break" after both her lawyer and the arbitrator sought a break on her behalf. The record, therefore, does not support the claim that the arbitrator was partial under the circumstances. Accordingly, we agree with the trial court that the plaintiff failed to meet her burden of demonstrating evident partiality under § 52-

418 (a) (2).

B

The plaintiff's next claim is that the award violates § 52-418 (a) (4).[11] Her argument is "premised upon the fact that the legal conclusions rendered by [the arbitrator] failed to properly apply the facts or consider all of the statutory criteria enumerated within §§ 46b-81 and 46b-82, and that said failure resulted in an award which was not mutual, final and definite upon the subject matter submitted, in violation of § 52-418."[12] We see little merit in this claim.

"Section 52-418 (a) (4) provides that an arbitration award shall be vacated if the [arbitrator has] exceeded [his or her] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. This . . . section is commonly referred to as manifest disregard of the law." (Internal quotation marks omitted.) *Kellogg* v. *Middlesex Mutual Assurance Co.*, 326 Conn. 638, 649, 165 A.3d 1228 (2017). "The party challenging the award bears the burden of producing evidence sufficient to demonstrate a violation of General Statutes § 52-418." *LaFrance* v. *Lodmell*, supra, 322 Conn. 855.

To prove that an arbitrator acted in manifest disregard of the law, the party challenging the award must satisfy a three-pronged test: "(1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the [arbitrator] appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the [arbitrator] is well defined, explicit, and clearly applicable." (Internal quotation marks omitted.) *Economos* v. *Liljedahl Bros., Inc.*, 279 Conn. 300, 307, 901 A.2d 1198 (2006).

We agree with the trial court's conclusion that the plaintiff failed to meet her burden. The plaintiff's argument is nothing more than a claim that the arbitrator misapplied the law. "Even if the [arbitrator] . . . misapplied the law governing [the award of alimony or division of property], such a misconstruction of the law would not demonstrate the [arbitrator's] egregious or patently irrational rejection of clearly controlling legal principles." *Garrity* v. *McCaskey*, supra, 223 Conn. 11–12. The arbitrator's decision also states that "the arbitrator has considered all statutory criteria and case law regarding the issues presented for resolution." See *SBD Kitchens, LLC* v. *Jefferson*, 157 Conn. App. 731, 744–45, 118 A.3d 550 (arbitrator referencing "[i]n accordance with Connecticut law," with regard to award of punitive damages, demonstrates that arbitrator did not manifestly disregard law [emphasis omitted]), cert. denied, 319 Conn. 903, 122 A.3d 638 (2015). Accordingly, the plaintiff failed to prove the first prong and the second

prong of her claim that the arbitrator acted in manifest disregard of the law.

IV

The plaintiff next claims that we should reverse the judgment of the trial court under the plain error doctrine. Specifically, she argues that "it is abundantly clear that the arbitrator abused her discretion and made a plain error in her application of the law regarding the award of alimony and the division of property." Thus, the trial court allegedly committed plain error by not vacating the award. Because this claim is inadequately briefed, we decline to address it.

Although the plaintiff generally references Practice Book § 60-5 and two appellate decisions, she fails to analyze her plain error claim under governing legal principles.[13] See, e.g., *Massey* v. *Branford*, 118 Conn. App. 491, 504, 985 A.2d 335 (2009) (appellate court may decline to review inadequately briefed plain error claim), cert. denied, 295 Conn. 913, 990 A.2d 345 (2010).

V

The plaintiff's final claim is that the arbitrator improperly awarded the defendant attorney's fees pursuant to General Statutes §§ 46b-62 and 46b-82. Specifically, she argues that the award of attorney's fees was "unjustified" and "constituted an abuse of discretion . . . ." We are unpersuaded.

The plaintiff fails to specify why the trial court should have vacated the arbitrator's award under any of the three viable grounds for vacating an arbitrator's award involving an unrestricted submission. See, e.g., *Alexson* v. *Foss*, supra, 276 Conn. 612. On the basis of her arguments, however, we understand her claim to be that the arbitrator acted in manifest disregard of the law and, therefore, the trial court should have vacated the award. See General Statutes § 52-418 (a) (4). Because this claim amounts to nothing more than the plaintiff's disagreement with the award of attorney's fees pursuant to §§ 46b-62 and 46b-82, it fails. See, e.g., *Garrity* v. *McCaskey*, supra, 223 Conn. 11–12. The plaintiff failed to prove the first prong and the second prong of her manifest disregard of the law claim. See, e.g., *Economos* v. *Liljedahl Bros., Inc.*, supra, 279 Conn. 307. Paragraph 5 of the agreement indicates that the parties bargained for the arbitrator's authority to award attorney's fees. "It is clear that a party cannot object to an award which accomplishes precisely what the [arbitrator was] authorized to do merely because that party dislikes the results." (Internal quotation marks omitted.) *LaFrance* v. *Lodmell*, supra, 322 Conn. 851.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Schedule A of the agreement provided: "Both parties acknowledge that they have read the provisions of this arbitration agreement and in particular the provisions of paragraph 11. Neither party shall challenge the right of

appeal as set forth in paragraph 11 and may only seek an appeal consistent with the provisions of paragraph 11."

[2] The parties also asked the arbitrator to determine how their children's college tuition should be paid. Neither party challenges the arbitrator's award with respect to payment of their children's college tuition. The parties also do not challenge the arbitrator's decision with respect to awards associated with "life insurance," "health insurance and expenditures," "club memberships," and "taxes and dependency exemptions."

[3] The court also dissolved the parties' marriage and incorporated the arbitration decision into the dissolution decree when it granted the defendant's motion to confirm the award.

[4] We note that paragraph 11 of the agreement is arguably ambiguous as to what the parties reserved for appellate review. For purposes of the present appeal, however, we accept the parties' interpretation of paragraph 11 as carving out the arbitrator's "legal conclusions" for judicial review.

[5] As previously noted, the trial court denied the plaintiff's motion to vacate, but did not address whether the submission was restricted or unrestricted. Whether the submission is restricted or unrestricted is a key determination that defines the scope of judicial review. See, e.g., *LaFrance* v. *Lodmell*, supra, 322 Conn. 852. Although the plaintiff did not seek an articulation; see Practice Book § 66-5; see also Practice Book § 61-10; this issue is properly before us and we therefore address it.

The trial court cited *Gary Excavating Co.* v. *North Haven*, 160 Conn. 411, 413, 279 A.2d 543 (1971), for the proposition that the burden rests with the party challenging an arbitration award to produce sufficient evidence to invalidate it. That case "examine[d] the submission and the award to determine whether the award [was] in conformity with the submission so as to constitute a mutual, final and definite award upon the subject matter submitted." Id. Case law subsequent to *Gary Excavating Co.* conducts such analysis under § 52-418, which applies when a party attempts to vacate *unrestricted* submissions. See, e.g., *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 84–88, 881 A.2d 139 (2005). The court also stated that the plaintiff had "failed to produce sufficient evidence to satisfy any of her claims." If the court treated the submission as restricted, it simply would have reviewed the arbitrator's award to determine whether the arbitrator abused her discretion in awarding alimony and dividing the parties' property without reference to the plaintiff's failure to produce "evidence" to prove her claims. Therefore, we construe the trial court's judgment as having treated the submission as unrestricted.

"[W]hether the trial court engaged in the correct level of review of the arbitrator's decision presents a question of law over which our review is plenary." *HH East Parcel, LLC* v. *Handy & Harman, Inc.*, 287 Conn. 189, 196, 947 A.2d 916 (2008). Accordingly, our review of the trial court's implicit determination that the submission was unrestricted is plenary.

[6] General Statutes § 46b-81 (c) provides in relevant part: "In fixing the nature and value of the property, if any, to be assigned, the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

General Statutes § 46b-82 (a) provides in relevant part: "At the time of entering the decree, the Superior Court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. . . . In determining whether alimony shall be awarded, and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability and feasibility of such parent's securing employment."

[7] The plaintiff cites *Wood* v. *Wood*, supra, 165 Conn. 777, and *Boyne* v. *Boyne*, 112 Conn. App. 279, 962 A.2d 818 (2009). The plaintiff relies on a passing reference in *Wood* that "[a]limony is based upon the continuing duty of a divorced husband to support an abandoned wife and should be sufficient to provide her with the kind of living which she might have enjoyed but for

the breach of the marriage contract by [the husband]." *Wood* v. *Wood*, supra, 784. There, the court affirmed the trial court's judgment to award the plaintiff alimony that was less than she sought, noting that the trial court did not abuse its "wide discretion." See id., 783–84. The plaintiff relies on *Boyne* for the proposition that "[a] fundamental principle in dissolution actions is that a trial court may exercise broad discretion in awarding alimony and dividing property as long as it considers all relevant statutory criteria." (Internal quotation marks omitted.) *Boyne* v. *Boyne*, supra, 282. Neither case persuades us that the plaintiff has identified a well-defined and dominant public policy allegedly violated by the arbitrator's award.

[8] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects . . . (2) if there has been evident partiality or corruption on the part of any arbitrator . . . or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[9] The defendant correctly notes that the plaintiff did not make these latter *arguments* before the trial court in support of her *claim* that the award should be vacated in accordance with § 52-418 (a) (2). We address them on appeal because they are subsumed within the plaintiff's legal claim that the award should be vacated due to the arbitrator's evident partiality. See, e.g., *Michael T.* v. *Commissioner of Correction*, 319 Conn. 623, 635–36 n.7, 126 A.3d 558 (2015). Additionally, the defendant partially addresses the merits of these arguments in his own brief and does not argue that they are improperly before us.

[10] For example, the following colloquy took place:

"[Eric J. Broder, counsel for the defendant]: Can I finish my question, ma'am? It's your testimony that you did not deny your husband's request to let the children use that car over the holiday; correct?

"[The Plaintiff]: You have to say it again because you didn't mean to ask it that way. What you wanted to ask—ask it again.

"[Kenneth A. Votre, counsel for the plaintiff]: That's all right. Don't correct his question.

"[The Plaintiff]: I'm sorry. I didn't understand it.

"[The Arbitrator]: Ma'am, Mr. Broder has asked for sanctions because you are frustrating him at every turn. I have up until now assumed you're doing your very best and denied his request, but when you decide to battle with him—

"[The Plaintiff]: I just didn't understand him.

"[The Arbitrator]: When you decide to battle with him, then you're not taking the proper role. Your answers are to be responsive to the questions, okay. That's all you do. You don't speak back to him. If anything else happens, it's Mr. Votre's duty. I need to know you understand that.

"[The Plaintiff]: To the best of my knowledge, I understand that."

[11] The plaintiff cites § 52-418 (a) (3) throughout her briefs. But as she acknowledged during oral argument before this court, this was a typographical error because her argument actually relies on § 52-418 (a) (4).

[12] The plaintiff also argues that the arbitrator improperly failed to find the defendant at fault for the breakdown of the marriage under the "intolerable cruelty" standard, which "negatively affected the property division and award of alimony." See General Statutes § 46b-40 (c) (8). We agree with the defendant that we must defer to the arbitrator's factual finding that "[n]either party is found more at fault [for the breakdown of the marriage]." See, e.g., *LaFrance* v. *Lodmell*, supra, 322 Conn. 851; see also *Richards* v. *Richards*, 153 Conn. 407, 409, 216 A.2d 822 (1966) ("[w]hether intolerable cruelty exists or not in a particular case is ordinarily a conclusion of fact for the trier to draw").

[13] The plaintiff cites *Wiegand* v. *Wiegand*, supra, 129 Conn. App. 526, and *Watrous* v. *Watrous*, 108 Conn. App. 813, 949 A.2d 557 (2008), in support of her plain error claim without any analysis. "[An appellant] cannot prevail under [the plain error doctrine] . . . unless [she] demonstrates that the claimed error is *both* so clear *and* so harmful that a failure to reverse the judgment would result in manifest injustice." (Emphasis in original; internal quotation marks omitted.) *State* v. *McClain*, 324 Conn. 802, 812, 155 A.3d 209 (2017).