******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## COHEN AND WOLF, P.C. *v.* DONALD NETTER
### (AC 46918)

Cradle, C. J., and Suarez and Palmer, Js.

*Syllabus*

The defendant appealed from the trial court's judgment granting the plaintiff's application to confirm a certain arbitration award and denying the defendant's application to vacate the award. The court had denied the plaintiff's application to confirm a previous arbitration award in this dispute regarding unpaid legal fees. The defendant claimed, inter alia, that the court improperly affirmed the second arbitration award in its entirety because the present proceeding was barred by the first arbitration proceeding on the grounds of res judicata and collateral estoppel. *Held*:

This court declined to review the defendant's claim that the trial court improperly confirmed the second arbitration award in its entirety because the second arbitration was barred by the first arbitration under the doctrines of collateral estoppel and res judicata, as the defendant failed to preserve this claim in the trial court and the doctrines of collateral estoppel and res judicata do not implicate subject matter jurisdiction.

The trial court properly confirmed, as part of the second arbitration award, an award of the plaintiff's attorney's fees for the first arbitration, as the scope of the arbitration submission was unrestricted, the court's review of the arbitration award was limited by the statute (§ 52-418) governing applications to vacate arbitration awards, and the defendant failed to assert a recognized ground upon which to vacate the second arbitration award.

Argued September 11—officially released December 16, 2025

*Procedural History*

Application by the plaintiff to confirm an arbitration award, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant filed an application to vacate the arbitration award; thereafter, the case was tried to the court, *Hon. John F. Kavanewsky, Jr.*, judge trial referee; judgment granting the plaintiff's application to confirm the arbitration award and denying the defendant's application to vacate the arbitration award, from which the defendant appealed to this court. *Affirmed.*

*Kenneth A. Votre*, for the appellant (defendant).

*Alexander J. Trembicki*, with whom were *Robert C. E. Laney* and, on the brief, *Ryan V. Nobile*, for the appellee (plaintiff).

*Opinion*

CRADLE, C. J. In this appeal arising from a dispute regarding unpaid legal fees, the defendant, Donald Netter, appeals from the judgment of the trial court, rendered in favor of the plaintiff, Cohen and Wolf, P.C., granting the plaintiff's application to confirm an arbitration award and denying the defendant's application to vacate the arbitration award. On appeal, the defendant claims that the court improperly (1) confirmed the award in its entirety because the present proceeding is barred by a previous arbitration proceeding under the doctrines of collateral estoppel and res judicata, and (2) confirmed, as part of the award, the award of the plaintiff's attorney's fees and expenses for the previous arbitration. We disagree and, accordingly, affirm the judgment of the trial court.

The following undisputed facts, as found by the arbitration panel or the trial court, and procedural history are relevant to the resolution of this appeal. The plaintiff is a law firm whose partners and associates are admitted to practice law in the state of Connecticut. On August 31, 2017, the parties signed a retainer agreement, pursuant to which the defendant retained the plaintiff to represent him in an ongoing marital dissolution action. Pursuant to the retainer agreement, the parties agreed that "[a]ny controversy, claim or dispute . . . other than the [plaintiff's] right and the [defendant's] right to terminate the [plaintiff's] representation of the [defendant] . . . shall be resolved by final and binding arbitration by two arbitrators . . . ." In January, 2019, the court, *M. Moore, J.*, granted a motion filed by the plaintiff to withdraw its appearance in the dissolution action.

The plaintiff subsequently attempted to collect an unpaid balance in the amount of $141,426.82 allegedly owed to it by the defendant. On April 2, 2019, the plaintiff retained counsel. On April 30, 2019, the plaintiff filed a demand with the American Arbitration Association (AAA) for arbitration (Arbitration I). On June 12, 2019, an AAA administrator wrote to the parties acknowledging that their retainer agreement calls for two arbitrators and asking the parties to "confirm in writing whether they would like to waive the agreement . . . and use only one arbitrator for this matter . . . ." On July 22, 2019, the defendant objected to the AAA's suggestion of a single arbitrator. Despite the defendant's objection, the AAA appointed a single arbitrator to arbitrate the parties' dispute.[1] A hearing was held on May 6, 2020, via videoconference, and, on May 27, 2020, the arbitrator issued the Arbitration I award in favor of the plaintiff. On June 5, 2020, the plaintiff filed with the Superior Court an application to confirm the Arbitration I award in accordance with General Statutes § 52-421 (a).[2] On September 9, 2020, the defendant filed an application to vacate the same award pursuant to General Statutes § 52-418 (a).[3] The defendant argued, among

[1] By way of correspondence dated July 22, 2019, to the case administrator, the defendant indicated that, "as [the defendant] believes that [the plaintiff] is seeking a significant sum and [the defendant] is expected to seek a counterclaim for a significant sum, it appears more appropriate to have more than one arbitrator." The defendant ultimately did not file a counterclaim in Arbitration I.

[2] General Statutes § 52-421 (a) provides, inter alia, that any party applying for an order confirming an arbitration award shall file certain papers with the clerk of court, including the award.

[3] General Statutes § 52-418 (a) provides: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient

other things, that the Arbitration I award should be vacated because the arbitrator exceeded his authority by proceeding as a sole arbitrator despite the retainer agreement mandating two arbitrators and the defendant not having waived that right.

On May 6, 2021, the court, *Genuario, J.*, issued an order denying the plaintiff's application to confirm the Arbitration I award. The court found that the defendant had not waived his right to have the matter heard by two arbitrators and instead asserted that right throughout Arbitration I. On that basis, the court concluded that the arbitrator incorrectly "determined that an [AAA] administrator could decide to alter the manner in which the parties had agreed to proceed in arbitration. This determination exceeded [the arbitrator's] power and certainly exceeded the power of the administrator." Accordingly, the court denied the plaintiff's application to confirm the award.[4]

On August 27, 2021, the plaintiff filed a demand with the AAA to commence the second arbitration of its fee claim (Arbitration II). The AAA appointed Nyle K. Davey and Robert J. Reeve (arbitration panel) to arbitrate the dispute. On October 19, 2021, the defendant filed a counterclaim and, on December 20, 2021, filed a revised counterclaim to the plaintiff's claim for fees, alleging, inter alia, breach of contract based on the plaintiff's alleged "[improper] billing for approximately $80,000

---

cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[4] The court did not issue an order with respect to the defendant's application to vacate the award. The parties disagree about the effect of the court's order denying an application to confirm the arbitration award without explicitly granting the application to vacate that award. For the reasons set forth herein, however, the resolution of this disagreement is not necessary to our resolution of this appeal.

of secretarial fees in violation of the agreement and . . . [custom]."[5] Thereafter, as explained by the arbitration panel, the only issues before it "were (a) the [plaintiff's] demand for unpaid invoiced fees for services, attorney fees, interest, and [a]rbitration costs, all related [to] its collection efforts in both arbitrations; and (b) the [defendant's] [c]ounterclaim . . . for [b]reach of [c]ontract—[i]mproper [c]harges."

From September 26 through 29, 2022, the arbitration panel convened an evidentiary hearing on these issues. On December 20, 2022, the arbitration panel issued an award in favor of the plaintiff in the amount of $442,658.86, including unpaid invoiced bills, interest, and attorney's fees and arbitration costs for both arbitrations.[6] The arbitration panel concluded that the plaintiff had met its burden of proving that the defendant breached the retainer agreement and that it was entitled to the unpaid legal fees. The arbitration panel also found in favor of the plaintiff as to the defendant's counterclaim, concluding that the defendant "waived his contractual right to dispute the invoices" because he did not submit a written notice to the plaintiff indicating that he was contesting those fees, as required by the retainer agreement; did not meet his evidentiary burden; and failed to demonstrate that the charges violated public policy. The arbitration "[p]anel award[ed] the [plaintiff] a total of $141,426.82 of unpaid invoiced billed amounts . . . interest in the amount of $59,325.00 for the period April 2, 2019 to September 29, 2022 . . .

---

[5] The defendant also asserted claims against the plaintiff, by way of its revised counterclaim dated December 20, 2021, alleging professional negligence, breach of contract based on the plaintiff's agreement to proceed with a single arbitrator in Arbitration I, and breach of confidentiality. The arbitration panel rendered summary judgment in favor of the plaintiff on those claims.

[6] On February 7, 2023, the arbitration panel modified the award to correct certain minor clerical, typographical, or computational errors. Those modifications are not at issue in this appeal.

attorney's fees in the amount of $193,061.38 and expenses in the amount of $5,799.41 . . . and the costs of the [a]rbitration in the amount of $43,046.25 . . . . There-fore, the [arbitration] [p]anel award[ed] $442,658.86 in damages based on the evidence presented at the hear-ing."

On January 19, 2023, the defendant filed with the Superior Court an application to vacate the award, which he later amended to address the arbitration pan-el's modified award on February 27 and March 7, 2023. In support of his application to vacate, the defendant alleged that the arbitration panel was biased against him; improperly prohibited him from conducting cer-tain discovery to support his counterclaim; used the incorrect base damage claim amount; improperly weighed or considered evidence; erred by dismissing certain of the defendant's claims and granting summary judgment in favor of the plaintiff; and improperly awarded the plaintiff attorney's fees and expenses for Arbitration I, while not awarding the defendant his fees and expenses for Arbitration I. On February 10, 2023, the plaintiff filed an application to confirm the award. On April 27, 2023, the court, *Hon. John F. Kavanewsky, Jr.*, judge trial referee, held a hearing on the competing applica-tions. At the hearing, the court requested that the parties submit supplemental memoranda addressing "[t]o what extent [the arbitration panel's award of attorney's fees for Arbitration I] is reviewable, and how should it be resolved by the court, to the extent that it is reviewable as a matter of fact and law." On May 11, 2023, the parties submitted those supplemental memoranda.

On August 28, 2023, the court rendered judgment granting the plaintiff's application to confirm the arbi-tration award and denying the defendant's application to vacate the award. The court concluded that "[t]he defendant . . . woefully failed to substantiate any of the material allegations of his application to vacate the

award" and thus did not meet his burden in establishing that the award should be vacated under § 52-418 (a). The court thereafter awarded the plaintiff the amount of $455,139.58, which included the original award in full plus an additional $12,480.72 in interest for the period of November 29, 2022, through the date of the judgment. The court also specifically affirmed the award of attorney's fees and expenses for Arbitration I as part of the award. This appeal followed. Additional facts and procedural history will be set forth as necessary.

## I

The defendant first claims that the court improperly confirmed the award in its entirety because Arbitration II was barred by Arbitration I under the doctrines of collateral estoppel and res judicata.[7] In response, the plaintiff contends that the defendant has not preserved this claim for appeal because he failed to raise it before the trial court.[8] We agree with the plaintiff.

Practice Book § 60-5 provides in relevant part that "[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." We have recognized that, "[b]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court. . . . The requirement that [a] claim be

[7] We decline to address the defendant's argument that the plaintiff's claims in Arbitration II and his claim concerning the arbitration panel's award of attorney's fees and costs for Arbitration I were barred by the doctrine of functus officio because the defendant raises these arguments for the first time in his reply brief. See *State* v. *Culbreath*, 340 Conn. 167, 193 n.12, 263 A.3d 350 (2021) ("it is well established that we consider an argument inadequately briefed when it is delineated only in the reply brief" (internal quotation marks omitted)).

[8] The plaintiff notes that the defendant did not raise the issues before the arbitration panel, either. Because the defendant failed to raise these claims before the trial court, we need not address his additional failure to raise them before the arbitration panel.

raised distinctly means that it must be so stated as to bring to the attention of the court the precise matter on which its decision is being asked. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court . . . to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Internal quotation marks omitted.) *Elm City Local, CACP* v. *New Haven*, 230 Conn. App. 847, 861, 332 A.3d 1062, cert. denied, 351 Conn. 921, 333 A.3d 104 (2025).

Here, although the defendant made several arguments to the court in support of his application to vacate the award, he never argued before the court that, under the doctrines of res judicata and collateral estoppel, Arbitration I barred Arbitration II. Indeed, counsel for the defendant conceded, at oral argument before this court, that the defendant did not raise these res judicata and collateral estoppel arguments before the trial court. In his application to vacate the award, the defendant raised the doctrines of res judicata and collateral estoppel only as a bar to the award of the plaintiff's attorney's fees and expenses for Arbitration I, not as precluding the plaintiff's claim in its entirety. Moreover, nowhere in his application to vacate does the defendant suggest that Arbitration II should not have occurred and, in fact, the defendant fully and willingly participated in the proceedings.

Despite the defendant's concession that he did not preserve his claim for review, counsel for the defendant argued for the first time at oral argument before this court that this court should nevertheless review his res judicata claim because it implicates subject matter jurisdiction, which cannot be waived.[9] It is well settled,

---

[9] Although appellate courts generally do not consider claims raised for the first time at oral argument, we nevertheless address the defendant's argument because "subject matter jurisdiction cannot be created through consent or waiver. . . . Once the question of lack of jurisdiction is raised,

however, that res judicata does not implicate subject matter jurisdiction but, rather, is an affirmative defense that must be specially pleaded.[10] See *M&T Bank* v. *Lewis*, 349 Conn. 9, 19 n.6, 312 A.3d 1040 (2024); see also Practice Book § 10-50 ("res judicata must be specially pleaded"). The defendant's jurisdictional argument therefore fails.[11] Accordingly, we decline to review his claim that Arbitration II was barred by Arbitration I under the doctrines of collateral estoppel and res judicata.

## II

The defendant further claims that the court improperly confirmed, as part of the Arbitration II award, the award of attorney's fees for Arbitration I.[12] He argues

it must be disposed of no matter in what form it is presented." (Internal quotation marks omitted.) *L. K.* v. *K. K.*, 226 Conn. App. 279, 287–88, 318 A.3d 243 (2024).

[10] Counsel for the defendant did not argue that collateral estoppel implicates subject matter jurisdiction. Like res judicata, collateral estoppel also does not implicate subject matter jurisdiction. See *M&T Bank* v. *Lewis*, 349 Conn. 9, 19 n.6, 312 A.3d 1040 (2024).

[11] The defendant further contends that the arbitration panel exceeded its powers and the scope of the submission by considering the plaintiff's claim in Arbitration II because the retainer agreement and Connecticut law do not permit a second arbitration of claims when the previous award has not been explicitly vacated. We decline to address this claim because the defendant did not raise it before the trial court except for in his May 11, 2023 supplemental memorandum in response to the court's limited request that the parties address "[t]o what extent [the arbitration panel's award of attorney's fees for Arbitration I] is reviewable, and how should it be resolved by the court, to the extent that it is reviewable as a matter of fact and law." See *Connex Credit Union* v. *Thibodeau*, 208 Conn. App. 861, 872–74, 266 A.3d 930 (2021) (declining to review claim as it was unpreserved and lacking adequate record where defendant first raised it in posttrial brief that was filed simultaneously with plaintiff's posttrial brief and where trial court's memorandum of decision did not address claim), appeal dismissed, 346 Conn. 708, 295 A.3d 416 (2023). In addition, the plaintiff did not have an opportunity to respond to the claim and the court never addressed the claim in its decision. Accordingly, we decline to review this claim.

[12] The defendant also claims that the court abused its discretion when it "expressly awarded supplemental attorney's fees" for Arbitration I and the subsequent application to confirm. The defendant's argument appears to be

that the award is contrary to the ruling of the court, *Genuario, J.*, denying the plaintiff's application to confirm the Arbitration I award and that "[i]t [was] an abuse of discretion to award attorney's fees for claims that were lost by the [plaintiff], and which are completely severable from the remainder of the claim." The plaintiff contends that both this court's and the trial court's ability to review an arbitration award is limited under § 52-418 and that the defendant failed to demonstrate any recognized ground on which the Arbitration II award can be vacated. We agree with the plaintiff.

The following additional undisputed facts, as found by the arbitration panel and the trial court, and procedural history are necessary for the resolution of this claim. In setting forth its calculation of the Arbitration II award, the arbitration panel specifically awarded the plaintiff attorney's fees and expenses dating back to when the plaintiff first retained counsel in April, 2019, and therefore included costs associated with Arbitration I in its award. The arbitration panel reasoned that "[t]he [retainer] [a]greement provides that the [plaintiff] 'shall be entitled to recover from the [defendant] the reasonable attorney's fees and expenses incurred by the [plaintiff] in connection with [its] collection efforts.' " The arbitration panel further noted that "[a]ny costs to be borne by the [defendant] can be traced to the choices that he made during the life of the [retainer] [a]greement, immediately thereafter, and over the lengthy course of the [plaintiff's] effort to secure collection of the unpaid fees."

based on his incorrect belief that the court independently awarded the plaintiff attorney's fees for Arbitration I. The court, however, did not do so. Rather, the court confirmed the amount the arbitration panel awarded. To the extent the defendant is referring to the court's October 2, 2023 award of the plaintiff's attorney's fees covering the period of December 20, 2022, through August 31, 2023, we decline to review this claim because the defendant has not appealed the October 2, 2023 order.

Before the trial court, the defendant challenged the award of attorney's fees and expenses for Arbitration I. To aid its resolution of this issue, the court, *Hon. John F. Kavanewsky, Jr.*, judge trial referee, asked the parties to submit supplemental memoranda addressing the court's ability to review the award of attorney's fees and expenses for Arbitration I, and how the court should resolve it, to the extent it was reviewable. In his memorandum, the defendant argued that these attorney's fees and expenses were unreasonable under the retainer agreement and "estopped under collateral estoppel and res judicata . . . ." The defendant further argued that the award was inconsistent with the order of the court, *Genuario, J.*, denying the application to confirm the Arbitration I award because the court "squarely blamed" the plaintiff for proceeding before the sole arbitrator in violation of the defendant's rights under the retainer agreement. In its memorandum, the plaintiff argued that the award was within the scope of the parties' unrestricted submission to the arbitration panel as "reasonable attorney's fees and expenses" and that the defendant had not shown any proper ground on which the court could vacate the award. Accordingly, the plaintiff claimed that the court lacked the authority to disturb the arbitration panel's award. The court confirmed the award, also specifically including the award of the plaintiff's attorney's fees and expenses from Arbitration I as part of the arbitration panel's "thoughtful, well reasoned decision." In this court, the defendant renews his challenge to the award of fees and costs incurred in Arbitration I as part of the award in Arbitration II.

The principles governing judicial review of arbitration awards on appeal are well settled. "[A]rbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators." (Internal quotation marks omitted.)

*ARVYS Protein, Inc.* v. *A/F Protein, Inc.*, 219 Conn. App. 20, 28–29, 293 A.3d 899, cert. denied, 347 Conn. 905, 297 A.3d 198 (2023). Accordingly, "[j]udicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . Since the parties consent to arbitration, and have full control over the issues to be arbitrated, a court will make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings. . . . When the scope of the submission is unrestricted, *the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Torrington* v. *Council 4, AFSCME, AFL-CIO, Local 442*, 232 Conn. App. 45, 55–56, 336 A.3d 115, cert. denied, 352 Conn. 902, 335 A.3d 65 (2025).

Here, the court found, and the parties do not contest, that the scope of the submission was unrestricted. "[I]n the case of an unrestricted submission, we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Internal quotation marks omitted.) *Toland* v. *Toland*, 179 Conn. App. 800, 810, 182 A.3d 651, cert. denied, 328 Conn. 935, 183 A.3d 1174 (2018). As previously set forth in this opinion, § 52-418 provides in relevant part that an arbitration award can only be vacated in limited circumstances, namely, "(1) [i]f the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing

to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-418 (a). The party challenging the award must do more than demonstrate his or her disagreement with the arbitrator's interpretation and application of law. Rather, he or she "bears the burden of producing evidence sufficient to demonstrate a violation of . . . § 52-418." (Internal quotation marks omitted.) *Toland* v. *Toland*, supra, 817.

On appeal to this court, the defendant contends that the award of attorney's fees and expenses for Arbitration I was "barred by res judicata or collateral estoppel" and "contrary to the law of the case" established by the order of the trial court, *Genuario, J.*, denying the plaintiff's application to confirm the Arbitration I award. He further argues that "[i]t [was] an abuse of discretion to award attorney's fees for claims that were lost by the [plaintiff], and which are completely severable from the remainder of the claim." The defendant does not specify upon which of the three recognized grounds the court should have vacated the arbitration panel's award of attorney's fees for Arbitration I, nor does he explain how the relevant legal principles for vacating arbitration awards would apply to the facts of this case. Instead, he merely claims that the award is inconsistent with certain common-law principles that do fall within the narrow purview of § 52-418. In so arguing, the defendant ignores the principle that courts cannot review an arbitration award made pursuant to an unrestricted submission for errors of law so long as the award conforms to the submission, as is the case here.

The award of attorney's fees and expenses associated with Arbitration I is not based solely on the plaintiff's status as the successful party in Arbitration II. Rather, the arbitration panel's decision indicates that it awarded the plaintiff these costs, in part, on the basis of its interpretation of what constituted "reasonable attorney's fees and expenses incurred by the [plaintiff] in connection with [its] collection efforts" under the retainer agreement. Therefore, even assuming that the defendant is correct that the Arbitration I costs could not be considered "reasonable," this court still could not vacate the award because "[m]isinterpretation of contractual language, no matter how clear, is within the arbitrator's powers; only a decision to ignore or supersede language conceded to be binding allows a court to vacate the award." (Internal quotation marks omitted.) *Ahmed* v. *Oak Management Corp.*, 348 Conn. 152, 187–88, 302 A.3d 850 (2023), cert. denied,      U.S.      , 144 S. Ct. 2520, 219 L. Ed. 2d 1200 (2024). The defendant has never claimed that the arbitration panel chose to bypass binding contractual language, asserting instead his disagreement with the reasoning and result of the arbitration panel. Such an argument fails to furnish a valid basis to disturb an arbitration panel's award pursuant to an unrestricted submission.

Accordingly, because the defendant has failed to assert a recognized ground upon which to vacate the arbitration panel's award, his claim amounts to nothing more than his disagreement with the arbitration panel's application of law and final determination.[13] His claim therefore fails.

---

[13] The defendant also claims that the court improperly "precluded [him] . . . from proffering documentary evidence because it was not uploaded as an exhibit." The defendant fails, however, to meaningfully discuss the excluded exhibits or to explain how their admission would have changed the court's conclusion. Accordingly, we decline to review this claim as inadequately briefed. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, 200 Conn. App. 852, 864, 241 A.3d 706 (2020) (declining to review challenge to trial court's evidentiary ruling as inadequately briefed where plaintiff did not

The judgment is affirmed.

In this opinion the other judges concurred.

———————————

explain how exclusion of evidence affected final result), cert. denied, 336 Conn. 909, 244 A.3d 562 (2021).